**NIXON PEABODY LLP**
Craig R. Tractenberg (CT 6759)
437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000

Attorneys for Kiddie Academy Domestic
Franchising, LLC, Michael Miller, Susan
Wise and Bill Endres (misidentified as Bill
Endress)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK C. MEADE,<br><br>                                    Plaintiff,<br><br>- v -<br><br>KIDDIE ACADEMY DOMESTIC FRANCHISING, et. al.<br><br>                                    Defendants. | Case No. 2:11-cv-00900 DMC-JAD |

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

## Motion Date: April 18, 2011

13390755.1

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

    A.      The Parties. ............................................................................................................ 2
    B.      The Alleged Acts of Fraud and Breach of Contract. ............................................. 2
    C.      The Franchise Agreement Referenced in the Complaint ...................................... 2

ARGUMENT ............................................................................................................................... 3

    A.      Standard of Review. ............................................................................................... 3
    B.      Plaintiff Lacks Standing to Pursue this Action. ..................................................... 6
    C.      The Claims Against Defendants Should be Dismissed for Insufficient Pleading. ............. 7
    D.      Plaintiff's Fraud Claims Should Be Dismissed for Failing to Satisfy Pleadings Requirements Under the Federal Rules and as Established By the Supreme Court .......... 8
    E.      Plaintiff's Case Should Be Dismissed For Failure To Arbitrate ...................................... 10
    F.      Plaintiff's Complaint Should Be Dismissed For Improper Venue ................................. 10

Conclusion ................................................................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) .................................................................................................. 3, 4

*Banco Popular N. Am. v. Gandi*,
184 N.J. 161 (N.J. 2005) ..................................................................................................... 8

*Bell Atlantic Corp. v. Twombly*,
127 S. Ct. 1955 (2007) ......................................................................................... 3, 4, 8, 11

*Borawaski v. Henderson*,
265 F. Supp. 2d 475 (D.N.J. 2003) ................................................................................. 6-7

*C.K.H., LLC v. The Quizno's Master, LLC*,
2005 U.S. Dist. LEXIS 42347 (D. Col. 2005) .................................................................. 15

*Central Jersey Freightliner, Inc. v. Freightliner Corp.*,
987 F. Supp. 289 (D.N.J. 1997) ......................................................................................... 6,

*Conley v. Gibson*, 355 U.S. 41 (1957) ................................................................................... 6, 7

*Darrick Enterpris.es v. Mitsubishi Motors Corp. et al.*,
2007 U.S. Dist. LEXIS 72956 (D.N.J. 2007) ..................................................................... 8

*Erickson v. Pardus*,
551 U.S. 89 (2007) ............................................................................................................ 10

*Folkman v. Roster Fin., LLC*,
2005 U.S. Dist. LEXIS 18117 (D.N.J. 2005) ..................................................................... 9

*Fowler v. UPMC Shadyside*,
578 F.3d 203, 210 (3d Cir. 2009) ....................................................................................... 9

*Frederico v. Home Depot*,
507 F.3d 188 (3d Cir. 2007) ....................................................................................... 3, 8, 9

*Granite State Ins. Co. v. UJEX, Inc.*,
2005 U.S. Dist. LEXIS 13692 (D.N.J. 2005) ..................................................................... 9

*Jackson Hewitt Inc. v. Childress*,
2008 U.S. Dist. LEXIS 4640 (D.N.J. 2008) ..................................................................... 10

*Kadetsky v. Egg Harbor Twp. Bd. of Educ.*,
   82 F. Supp. 2d 327 (D.N.J. 2000) ................................................................................. 3

*Lum v. Bank of America*,
   361 F.3d 217 (3d Cir. 2004) ..................................................................................... 11

*Menendez v. U.F.C.W. Local 888 Health Fund*,
   2005 U.S. Dist. LEXIS 17034 (D.N.J. 2005) ........................................................ 4, 6

*Metz v. United Counties Bancorp*,
   61 F. Supp. 2d 364 (D.N.J. 1999) ........................................................................... 6, 7

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
   998 F.2d 1192 (3d Cir. 1993) .................................................................................. 4, 6

*Seus v. John Nuveen & Co.*,
   146 F.3d 175, 178 (3d. Cir. 1998) ............................................................................ 10

*South Broward Hosp. Dist. v. Medquist, Inc.*,
   516 F. Supp. 2d 370, .................................................................................................. 9

*State Dept. of Envir. Protection v. Ventron Corp.*,
   94 N.J. 473 (1983) ................................................................................................... 10

*Tecchio v. United States Ex. Rel. Meola*,
   2003 U.S. Dist. LEXIS 19586 .................................................................................... 7

*The Mall at IV Group Properties., LLC v. Roberts et al.*,
   2005 U.S. Dist. LEXIS 31860 (D.N.J. 2005) .......................................................... 10

## STATUTES

Fed. R. Civ. P. 8(a) ............................................................................................................ 8

Fed. R. Civ. P. 9(b) ............................................................................................................ 8

## OTHER

C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 ................... 9

## PRELIMINARY STATEMENT

Defendant Kiddie Academy Domestic Franchising, LLC ("Kiddie Academy"), and the individual defendants, Michael Miller, Susan Wise and Bill Endres (incorrectly identified as Bill Endress), seek dismissal of the Complaint brought by Plaintiff Mark C. Meade, pro se. Plaintiff lacks standing to bring the claims, the complaint states no cognizable claims, and the express provisions, waivers and disclaimers in the applicable contracts and agreements bar the claims. In addition, the case should be dismissed for failure to arbitrate and because it was filed in an improper venue.

Kiddie Academy is the franchisor of the Kiddie Academy child care learning centers which is alleged to have entered into a franchise agreement with Mr. Meade. Complaint. ¶1. Plaintiff alleges in paragraph one of the Facts that he was defrauded into entering into the franchise agreement; in paragraph two that he was defrauded into entering into an SBA loan; in paragraph three that promises were breached; in paragraph four that income was misrepresented and in paragraph five, that plaintiff was caused to enter into harmful equipment and service contracts. The Civil Cover Sheet lists the damages requested in the Complaint as $8,700,000.00. Even extending great indulgence to this pro se Plaintiff, the Complaint should nevertheless be dismissed.

<u>First</u>, Plaintiff lacks standing to bring any of the claims because Mr. Meade individually is not the franchisee. <u>Second</u>, Plaintiff inadequately pleads allegations against defendants <u>Third</u>, none of the fraud claims meet the pleading standards for fraud under the Federal Rules of Civil Procedure and Supreme Court authority. <u>Fourth</u>, the forum for this dispute should be arbitration as set forth in the franchise agreement and, <u>Fifth</u>, venue should be in Harford County, Maryland.

## STATEMENT OF FACTS

**A.    The Parties.**

Kiddie Academy is a franchisor and entered into a Franchise Agreement. Complaint, p.1. A copy of the Franchise Agreement is attached hereto as Ex. "A." Tractenberg Declaration at 3. As set forth in the Franchise Agreement, the counterparty to Kiddie Academy on the Franchise Agreement is Desoda Corporation for the operation of a Kiddie Academy in Jackson, NJ. Ex. "A" at p. 72. As set forth in the Franchise Agreement, Plaintiff is President of Desoda Corporation. Ex. A. at pp. 69. Desota Corporation is a Chapter 11 debtor in possession currently operating a Kiddie Academy franchise and as Debtor it has filed a motion to reject this franchise agreement. Ex. "B." Tractenberg Dec. at 5. The individual defendants are employees of Kiddie Academy. Tractenberg Dec. at 3.

**B.    The Alleged Acts of Fraud and Breach of Contract.**

The Complaint does not refer to particular defendants, does not identify them, and alleges no conduct by them. Instead, all of Plaintiff's allegations are simply made against "Defendant" with no specifics whatsoever regarding the alleged conduct.

**C.    The Franchise Agreement Referenced in the Complaint**

Plaintiff's Complaint references the franchise agreement, an SBA loan and "agreements with equipment and service providers" upon which Plaintiff bases his allegations. The referenced Franchise Agreement is submitted with this motion.[1]

On November 15, 2006, Kiddie Academy and Desoda Corporation entered into the franchise agreement for the operation of the Jackson, NJ franchise (the "Franchise Agreement').

---

[1]    Under Rule 12(b)(6), this Court may consider agreements referenced or relating to allegations in the Complaint. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Menendez v. U.F.C.W. Local 888 Health Fund*, No. 05-CV-1165, 2005 U.S. Dist. LEXIS 17034, at *4 (D.N.J. 2005). The franchise agreement is submitted on this motion as Exhibits to the Declaration of Craig R. Tractenberg.

Plaintiff, is not a party to the Franchise Agreement. Among other things, the Franchise Agreement provides for arbitration of almost all disputes in paragraph 27.2, requires in paragraph 26.2 venue exclusively in Harford County, Maryland and disclaims in paragraph 28.1 "any warranty or guarantee, express or implied as to potential volume, profits, earnings or success of the business venture contemplated by this Agreement." The Franchise Agreement contains a one year contractual limitations in paragraph 27.2.

## ARGUMENT

**A.      Standard of Review.**

On a motion to dismiss under Rule 12(b)(6), a court must accept as true well-pleaded allegations contained in a complaint and draw all reasonable inferences in favor of the non-moving party. A complaint should be dismissed when it appears that the plaintiff can prove no set of plausible facts in support of his claim that would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007); *Kadetsky v. Egg Harbor Twp. Bd. of Educ.*, 82 F. Supp. 2d 327, 334 (D.N.J. 2000).

The case of *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), revised the standard for summary dismissal of a Complaint that fails to state a claim. The Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[2] Citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

---

[2]     Rule 8(d) (1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

13390755.1                                                  3

do,'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> **First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a) (2).**

*Iqbal*, 129 S.Ct. at 1949-50 (citations omitted).

The Court further explained that

> a court ... can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S.Ct. at 1950.

To prevent summary dismissal, civil complaints must allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of the complaint are plausible. Id. at 1949-50; see *Twombly*, 505 U.S. at 555, & n.3; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

*Iqbal* thus provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that applied to federal complaints before

*Twombly. Fowler*, 578 F.3d at 210. A district court must now conduct the two-part analysis set forth in *Iqbal*:

> **First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 194 9-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.**

*Fowler*, 578 F.3d at 210-211. But even after *Iqbal*, the sufficiency of a pro se pleading must be construed liberally in a plaintiff's favor. See *Erickson v. Pardus*, 551 U.S. 89 (2007).

In determining the sufficiency of a claim under Rule 12(b)(6), consideration is limited to documents attached to the complaint or incorporated by reference, to matters of which judicial notice may be taken, or to the documents offered by Defendants that were either in Plaintiff's possession or of which Plaintiff had knowledge and relied on in bringing suit. If the documents referenced in the complaint contradict the facts and inferences alleged by a plaintiff, the documents control and the court need not accept as true the plaintiff's allegations. *Pension Benefit*, 998 F.2d 1196; *Menendez*, No. 05-CV-1165, 2005 U.S. Dist. LEXIS 17034, at *4 (D.N.J. 2005). "While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations." *Metz v. United Counties Bancorp*, 61 F. Supp. 2d 364, 369-70 (D.N.J. 1999).

At a minimum, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957);

*Borawaski v. Henderson*, 265 F. Supp. 2d 475, 481 (D.N.J. 2003). "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Tecchio v. United States Ex Rel. Meola*, No. 03-1529, 2003 U.S. Dist. LEXIS 19586, at *2 (D.N.J. 2003).

Thus, to survive a motion to dismiss, a plaintiff "must set forth sufficient information to outline the elements of [his] claims or to permit inferences to be drawn that these elements exist." *Metz*, 61 F. Supp. 2d at 370 (citing Fed. R. Civ. P. 8(a)(2) and *Conley*, 355 U.S. at 45-46). Further, a complaint that makes allegations of fraud must in addition meet the pleading standards of Rule 9(b), which states that:

> **[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally**.

Plaintiff's allegations, to the extent they can be discerned from his Complaint, are hardly plausible. He is not a party to the Franchise Agreement, the Franchise Agreement disclaims the very misrepresentations he claims he is relying upon and the Franchise Agreement prohibits Plaintiff's improper filing in this forum and venue.

**B.    Plaintiff Lacks Standing to Pursue this Action.**

The Complaint should be dismissed in its entirety because Plaintiff lacks standing to assert his claims. Plaintiff is not a party to the Franchise Agreement entitled to enforce it, but rather, according to the Franchise Agreement, an officer and a shareholder of the franchise. A sole or major shareholder of an entity lacks standing to commence an action on behalf of the entity where, as here, the entity is alleged to have suffered damages or injuries. *See Central Jersey Freightliner, Inc. v. Freightliner Corp.*, 987 F. Supp. 289, 301 (D.N.J. 1997) ("[i]t is a well-established rule that 'a shareholder—even the sole shareholder—does not have standing to assert claims alleging wrongs to the corporation'" (citation omitted)).

Plaintiff has no basis to bring suit here based on this contract.

C.     **The Claims Against Defendants Should be Dismissed for Insufficient Pleading.**

Plaintiff's claims as against the Defendants should be dismissed because Plaintiff fails to assert specific allegations against these parties. Plaintiff does not identify any of these parties, makes no specific allegations relating to their conduct, and provides no basis (legal or factual) supporting why these parties are defendants. The Complaint is wholly devoid of substance on this issue. Beyond the caption of the Complaint, the claims against the individuals do not appear expressly or by implication. Considering that the Complaint is completely devoid of any allegation against specifically against defendants and any attempt to state allegations against those defendants would be directly refuted by the Franchise Agreement, the claims against all defendants should be dismissed.

Plaintiff's complaint is vague on purpose. The cause of action asserted would most likely belong to Desoda Corporation for the benefit of its creditors, particularly if arising out of the Franchise Agreement. But for purposes of a plausibility determination, the Franchise Agreement dated November 15, 2006 referenced in this Complaint contains a one year contractual limitations in paragraph 27.2:

> **If the Franchisee fails to give written notice to the other requesting arbitration under this section within one (1) year of the occurrence of the action or event giving rise to the dispute, any claim of said party relating to the dispute shall be deemed barred, unless prohibited by law, and no further relief, whether by way of arbitration or action or defense in any court shall be permitted.**

It is highly implausible based on this language that any breach of contract or fraud in the inception claim would survive against Kiddie Academy or its employees.

But even if the contractual statute of limitations were not enough, the Franchise Agreement contains an "Acknowledgement and Representations Statement" annexed to the

Franchise Agreement as "Part A" signed personally by Mr. Meade. In the Acknowledgement, Plaintiff in his individual capacity acknowledges receiving certain disclosures and affirmatively disclaims any representations as to viability, or sales, income, earnings or profit levels. This too renders any cause of action implausible based on misrepresentation or fraud.

### D. Plaintiff's Fraud Claims Should Be Dismissed for Failing to Satisfy Pleadings Requirements Under the Federal Rules and as Established By the Supreme Court

The fraud and misrepresentation claims should be dismissed as against all Defendants because Plaintiff has failed to state properly claims for fraud.

Under New Jersey Law applied in this diversity case, "[t]he standard for establishing a claim of common law fraud, fraudulent misrepresentation, and fraudulent inducement is the same: a plaintiff must prove (1) a material misrepresentation of a presently existing or past fact, (2) with knowledge of its falsity and with the intention that the other person rely on it, and that there was in fact both (3) reasonable reliance and (4) resulting damages." *Darrick Enters. v. Mitsubishi Motors Corp. et al.*, No. 05-4359, 2007 U.S. Dist. LEXIS 72956, *7 (D.N.J. 2007); see *Frederico*, 507 F.3d at 200; *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172-73 (N.J. 2005).

Further, fraud allegations must satisfy the pleading requirements of Fed. R. Civ. P. 8 and 9(b). Rule 8(a) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'". *Twombly*, 127 S. Ct. at 1964. Plaintiff must allege more than mere conclusions or general labels, or "formulaic recitation of the elements" of a claim; he must provide the "grounds" for his entitlement to relief. *Twombly*, 127 S. Ct at 1965. The "[f]actual allegations must be enough to raise a right to relief above the speculative level". *Id.*, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

Moreover, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), Plaintiff's fraud claims "must state the circumstances of the alleged fraud with sufficient particularity to place [Defendants] on notice of the 'precise misconduct with which [it is] charged'". *Frederico*, 507 F.3d at 200 (*quoting Lum v. Bank of America*, 361 F.3d 217, 223-224 (3d Cir. 2004)). This standard is satisfied only when the plaintiff pleads or alleges "the date, time and place of the alleged fraud or otherwise inject[s] precision or some measure of substantiation into a fraud allegation." *Id*; *see South Broward Hosp. Dist. v. Medquist Inc.*, 516 F. Supp. 2d 370, 380 (D.N.J. 2007); *Folkman v. Roster Fin. LLC*, No. 05-2099, 2005 U.S. Dist. LEXIS 18117 (D.N.J. 2005). All of these pleading requirements have been amplified by the Supreme Court's ruling in *Twombly*.

Here, Plaintiff's fraud claims should be dismissed because Plaintiff fails to state with particularity the circumstances of the alleged fraud. Nowhere in the Complaint does Plaintiff allege or specify any material misrepresentation of fact by Defendants.

The Complaint provides no specifics on how, when or where Plaintiff was lead to rely upon certain facts nor does it give any detail on whether any misrepresentation was ever actually made. Even if Plaintiff was led to believe something, the statement alleged may be a projection or opinion as to future performance and thus cannot constitute fraud. *See generally Granite State Ins. Co. v. UJEX, Inc.*, No. 03-1220, 2005 U.S. Dist. LEXIS 13692, at *24 (D.N.J. 2005) ("an expression of opinion cannot form a basis for a common law fraud claim"); *see also Frederico*, 507 F.3d at 199.

Plaintiff never alleges that: (i) Defendants made a misrepresentation or that they knew of the falsity of any statements of fact made by them; (ii) Defendants intended for Plaintiff to rely on such facts; (iii) or that the franchisee here -- Desoda Corporation, not Plaintiff -- relied

reasonably on such facts. Moreover, Plaintiff acknowledged in the Franchise Agreement that no reliance occurred on any representations made by Defendants or any of their representatives in entering into the Franchise Agreement. See Franchise Agreement in Section 28.

These specific disclaimers bar Plaintiff's common law fraud claims, even if they were properly pled. *See Jackson Hewitt Inc. v. Childress*, No. 06-CV-909, 2008 U.S. Dist. LEXIS 4640, at *31-*33 (D.N.J. 2008) (dismissing fraud claim where Franchise Agreement included disclaimers that "no salesperson has made any promise or provided any information . . . about projected sales, revenues, income profits or expenses . . . .").

E.  **PLAINTIFF'S CASE SHOULD BE DISMISSED FOR FAILURE TO ARBITRATE**

Paragraph 27.1 of the Franchise Agreement provides that:

> **all disputes and claims relating to any provision of this Franchise Agreement …shall be settled by arbitration in Harford County, Maryland in accordance with the Federal Arbitration Act (9 United States Code, Section 1, et. seq.) and the Rules of the American Arbitration Association or other nationally recognized arbitration organization, at Franchisor's discretion, relating to arbitration of disputes arising under franchise agreements, if any; otherwise, the general rules of commercial arbitration.**

Pursuant to Section 3 of the Title 9, United States Code, defendants are entitled to at least a stay of proceedings for failure to arbitrate. As all claims involved in this "action are arbitrable, the court may dismiss the action instead of staying it." *Seus v. John Nuveen & Co.*, 146 F.3d 175, 178 (3d. Cir. 1998).

F.  **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE AND BECAUSE OF A PRIOR PENDING ACTION**

Title 28 U.S.C. section 1406(a) provides:

> **The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.**

Paragraph 26.2 of the Franchise Agreement mandates that lawsuits not subject to arbitration be venued only in Harford County, Maryland. Kiddie Academy filed a lawsuit captioned "Kiddie Academy Domestic Franchising, LLC v. Mark Meade, et. al" in Harford County, Case No. 12-C-11-000086. A copy of this case is attached as Ex. "C" to the Tractenberg Declaration. In this case, dismissal is appropriate as Meade's claims should either be arbitrated or brought as counterclaims in the Harford County action, and because no plausible cause of action can be asserted against defendants. No transfer is warranted in the interest of justice as no federal forum exists.

## CONCLUSION

**WHEREFORE**, Defendants respectfully request that the Court dismiss this complaint because Plaintiff failed to state a claim upon which relief may be granted, for insufficient pleading, and because it was filed in the improper forum and in the improper venue.

DATED: March 18, 2011                                Respectfully submitted,

/s/ Craig R. Tractenberg
Craig R. Tractenberg (CT 6759)
437 Madison Avenue
New York, New York  10022-7001
(212) 940-3000
NIXON PEABODY LLP
*Attorneys for Defendants*