CIRCUIT COURT FOR HARFORD COUNTY
James Reilly
Clerk of the Circuit Court
Courthouse
20 West Courtland Street
Bel Air, MD 21014
(410)-879-2000, TTY for Deaf: (410)-638-4926
MD Toll Free-1-(800)989-8296

*AAA*

*Exhibit A*

# W R I T   O F   S U M M O N S

Case Number: 12-C-11-000086

Kiddie Academy Domestic Franchising L L C vs Mark Meade, et al          C I V I L
STATE OF MARYLAND, HARFORD COUNTY, TO WIT:

To: Mark Meade

5 Heritage Road
Florham Park, NJ 07932

You are hereby summoned to file a written response by pleading or motion, within   60 days
after service of this summons upon you, in this Court, to the attached Complaint filed by:

Kiddie Academy Domestic Franchising L L C

WITNESS the Honorable Chief Judge of the Third Judicial Circuit of
Maryland.

Date Issued:  01/15/11

James Reilly
Clerk of the Circuit Court

TO THE PERSON SUMMONED:
1.  PERSONAL ATTENDANCE IN COURT ON THE DAY NAMED IS NOT REQUIRED.
2.  FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A
    JUDGMENT BY DEFAULT TO THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

**\* \* \* \* S H E R I F F ' S   R E T U R N \* \* \* \***

Case Number: 12-C-11-000086
Kiddie Academy Domestic Franchising L L C vs M

Sheriff fee:_____ By:_____
Served:_____
Time:_____
Unserved (Reason):_____ Date:_____
Instructions to Private Process:
1. This summons is effective for service if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and
   the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126
4. If this summons is served by private process, process server shall file a separate affidavit
   required by Rule 2-126(a).

*KADF*
*3415 Box Hill corp CTR Dr*
*Abingdon MD 21009*

CIRCUIT COURT FOR HARFORD COUNTY
James Reilly
Clerk of the Circuit Court
Courthouse
20 West Courtland Street
Bel Air, MD 21014
(410)-879-2000, TTY for Deaf: (410)-638-4926
MD Toll Free-1-(800)989-8296

# W R I T   O F   S U M M O N S

Case Number: 12-C-11-000086

Kiddie Academy Domestic Franchising L L C vs Mark Meade, et al     C I V I L
STATE OF MARYLAND, HARFORD COUNTY, TO WIT:

To: Mark Meade

5 Heritage Road
Florham Park, NJ 07932

You are hereby summoned to file a written response by pleading or motion, within   60 days
after service of this summons upon you, in this Court, to the attached Complaint filed by:

Kiddie Academy Domestic Franchising L L C

WITNESS the Honorable Chief Judge of the Third Judicial Circuit
Maryland.

Date Issued:  01/15/11

James Reilly
Clerk of the Circuit Court

TO THE PERSON SUMMONED:
1.  PERSONAL ATTENDANCE IN COURT ON THE DAY NAMED IS NOT REQUIRED.
2.  FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A
    JUDGMENT BY DEFAULT TO THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

# * * * * S H E R I F F' S   R E T U R N * * * *

Case Number: 12-C-11-000086
Kiddie Academy Domestic Franchising L L C vs I

Sheriff fee:_____  By:_____
Served:_____
Time:_____  Date:_____
Unserved (Reason):_____
Instructions to Private Process:_____

1. This summons is effective for service if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and
   the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126
4. If this summons is served by private process, process server shall file a separate affidavit
   required by Rule 2-126(a).

Exhibit
A

Circuit Court for **Harford County**
City or County

# CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**

*Plaintiff: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).*
***A copy must be included for each defendant to be served.***

*Defendant: You must file an Information Report as required by Rule 2-323(h).*
***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.***

FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT   CASE NUMBER _____
(Clerk to insert)

CASE NAME: Kiddie Academy Domestic Franchising LLC   vs.   Mark Meade and Lauren Meade
_____Plaintiff_____         _____Defendant_____

JURY DEMAND: ☐ Yes ☒ No
RELATED CASE PENDING? ☐ Yes ☒ No   Anticipated length of trial: _____ hours or _____ days
If yes, Case #(s), if known: _____

Special Requirements? ☐ Interpreter (Please attach Form CC-DC 41)
☐ ADA accommodation (Please attach Form CC-DC 49)

## NATURE OF ACTION
### (CHECK ONE BOX)

## DAMAGES/RELIEF

| TORTS | LABOR | DAMAGES/RELIEF |
|---|---|---|
| ☐ Motor Tort | ☐ Workers' Comp. | **A. TORTS** |
| ☐ Premises Liability | ☐ Wrongful Discharge | **Actual Damages** |
| ☐ Assault & Battery | ☐ EEO | ☐ Under $7,500   ☐ Medical Bills |
| ☐ Product Liability | ☐ Other _____ | ☐ $7,500 - $50,000   $ _____ |
| ☐ Professional Malpractice | **CONTRACTS** | ☐ $50,000 - $100,000   ☐ Property Damages |
| ☐ Wrongful Death | ☐ Insurance | ☐ Over $100,000   $ _____ |
| ☐ Business & Commercial | ☐ Confessed Judgment | ☐ Wage Loss |
| ☐ Libel & Slander | ☒ Other  Franchising | $ _____ |
| ☐ False Arrest/Imprisonment | **REAL PROPERTY** | **B. CONTRACTS**   **C. NONMONETARY** |
| ☐ Nuisance | ☐ Judicial Sale | |
| ☐ Toxic Torts | ☐ Condemnation | ☐ Under $10,000   ☐ Declaratory Judgment |
| ☐ Fraud | ☐ Landlord Tenant | ☐ $10,000 - $20,000   ☐ Injunction |
| ☐ Malicious Prosecution | ☐ Other _____ | ☒ Over $20,0000   ☐ Other _____ |
| ☐ Lead Paint | **OTHER** | |
| ☐ Asbestos | ☐ Civil Rights | |
| ☐ Other | ☐ Environmental | |
| _____ | ☐ ADA | |
| | ☐ Other _____ | |

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation ☒ Yes ☐ No
B. Arbitration ☐ Yes ☒ No
C. Settlement Conference ☒ Yes ☐ No
D. Neutral Evaluation ☐ Yes ☒ No

## TRACK REQUEST

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*
**THIS CASE WILL THEN BE TRACKED ACCORDINGLY.**

☐ 1/2 day of trial or less   ☐ 3 days of trial time
☐ 1 day of trial time   ☐ More than 3 days of trial time
☒ 2 days of trial time

**PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR), AS WELL AS ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY OR BALTIMORE COUNTY.**

Date 1-7-11   Signature _____

CC/DCM 002 (Rev. 2/2010)   Page 1 of 3

KIDDIE ACADEMY            *    IN THE
     DOMESTIC FRANCHISING, LLC
3415 Box Hill Corporate Center Drive  *    CIRCUIT COURT
Abingdon, Maryland 21009

                        *    FOR

          Plaintiff

v.                       *    HARFORD COUNTY

MARK MEADE              *
5 Heritage Road
Florham Park, New Jersey 07932    *    Case No. _____

          and           *

LAUREN MEADE          *
29 Surrey Drive
Old Bridge, New Jersey 08857     *

         Defendants      *

*    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff Kiddie Academy Domestic Franchising, LLC ("KADF"), by its undersigned attorneys, Jody Maier, Esquire and Levin & Gann, P.A., sues Defendants Mark Meade and Lauren Meade (collectively "Defendants"), and states as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, Kiddie Academy Domestic Franchising, LLC ("KADF") is a limited liability company formed under the laws of Delaware with its principal place of business in Harford County, Maryland.

2.    Defendants Mark Meade and Lauren Meade are adult residents of New Jersey.

1

3.      All parties to this lawsuit are bound by the Franchise Agreement (including all addenda thereto) upon which this lawsuit is based and which, in relevant part, provides: "The parties agree that any cause of action by either party against the other . . .must be filed in the United States District Court for the District of Maryland or the Circuit Court of Harford County, State of Maryland, and the parties do hereby waive all questions of personal and subject matter jurisdiction or venue for the purpose of carrying out this provision." See attached Exhibit 1, Franchise Agreement hereby incorporated by reference.

## FACTS

4.      On or around November 15, 2006, KADF entered into a Franchise Agreement with Dasoda Corporation granting it the right, license and privilege to operate a Kiddie Academy Center ("Franchise Agreement").

5.      Dasoda Corporation is owned entirely by Defendants Mark Meade and Lauren Meade.

6.      Defendants Mark Meade and Lauren Meade personally, individually and unconditionally guaranteed Dasoda Corporation's obligations under the Franchise Agreement.  See attached Exhibit 1.

7.      As part of the Franchise Agreement, Dasoda Corporation and Defendants agreed to pay to KADF "each week a royalty fee equal to seven percent (7.0%) of gross revenues . . . generated by the Franchised Business during the preceding week."

2

8.      Also as part of the Franchise Agreement, Dasoda Corporation and Defendants also agreed to contribute to an advertising and brand building fund. Specifically, Dasoda Corporation and Defendants agreed to contribute, on a weekly basis, "two percent (2%) of Franchisee's Gross Revenues . . . generated during the week ending nine (9) days earlier." See attached Exhibit 1, Franchise Agreement.

9.      The Franchise Agreement further provides that: "If Franchisor is unable to collect any payment as anticipated . . ., Franchisee will pay Franchisor, in addition to the overdue amount, interest on that amount from the date it was due until paid at the rate of one and one-half percent (1.5%) per month, or the maximum rate permitted by law, whichever is less.  In addition, any such amount which is not transferred as anticipated . . . shall bear a late charge equal to ten percent (10%) of the total payment due . . .."  Finally, the Agreement provides that "If Franchisee violates a term or condition contained within this Agreement, including but not limited to, withholding any monies owed to Franchisor . . ., Franchisee shall reimburse Franchisor for all reasonable costs incurred by Franchisor in pursuing the enforcement of this Agreement.  These costs shall include, but not be limited to, court costs, reasonable attorneys' fees, . . .." See attached Exhibit 1, Franchise Agreement.

10.     Despite these agreements, Defendants have failed to pay the royalties and advertising and brand building fund fees owed to KADF under the Franchise Agreement.

11.     On or about September 24, 2010, Dasoda Corporation filed for protection under Chapter 11 of the United States Bankruptcy Code.

3

12.     KADF has made reasonable and repeated demands for payment in full but Defendants have failed to pay.

13.     As a direct result of Defendants' acts and omissions, KADF has incurred substantial damages, including but not limited to the outstanding royalties and advertising and brand building fund fees, as well as the costs, interest, late fees, and attorneys' fees associated with these proceedings.

## COUNT I
## (Breach of Contract)

14.     KADF incorporates by reference paragraphs 1-13 above as if fully recited in this Count.

15.     Defendants breached the Franchise Agreement.

16.     As a direct and proximate result of Defendants' breach, KADF has incurred substantial damages in excess of One Hundred and Seventeen Thousand Dollars ($117,000.00).

WHEREFORE, KADF requests that this Court:

(a) Enter judgment for KADF against Defendants for all due and owing unpaid royalties, unpaid advertising and brand building fund contributions, interest, late fees and penalties as of the date of judgment, plus the costs and attorneys' fees associated with these proceedings; and

(b) Grant KADF such other and further relief as the nature of this case requires.

4

## COUNT II
### (Unjust Enrichment)

17.     KADF incorporates by reference paragraphs 1-13 above as if fully recited in this Count.

18.     By retaining the goods, services and benefits of a Kiddie Academy franchise without paying for these benefits, Defendants have been unjustly enriched.

19.     As a direct and proximate result of Defendants' acts and omissions, KADF has incurred substantial damages in excess of One Hundred and Seventeen Thousand Dollars ($117,000.00).

WHEREFORE, KADF requests that this Court:

(a) Enter judgment for KADF against Defendants for all due and owing unpaid royalties, unpaid advertising and brand building fund contributions, interest, late fees and penalties as of the date of judgment, plus the costs and attorneys' fees associated with these proceedings; and

(b) Grant KADF such other and further relief as the nature of this case requires.

## COUNT III
### (Quantum Meruit)

20.     KADF incorporates by reference paragraphs 1-13 above as if fully recited in this Count.

21.     KADF is entitled to full payment of its royalties and advertising and brand building fund contributions.

5

22.     Defendants have unjustifiably retained the benefits provided by KADF.

23.     As a direct and proximate result of Defendants' acts and omissions, KADF has incurred substantial damages in excess of One Hundred and Seventeen Thousand Dollars ($117,000.00).

WHEREFORE, KADF requests that this Court:

(a) Enter judgment for KADF against Defendants for all due and owing unpaid royalties, unpaid advertising and brand building fund contributions, interest, late fees and penalties as of the date of judgment, plus the costs and attorneys' fees associated with these proceedings; and

(b) Grant KADF such other and further relief as the nature of this case requires.

Jody Maier
LEVIN & GANN, P.A.
502 Washington Avenue, 8th Fl.
Towson, Maryland 21204
410-321-0600
Attorneys for Plaintiff,
Kiddie Academy Domestic
Franchising, LLC

6

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**
Trial within 7 months
of Filing

☐ **Standard**
Trial within 18 months
of Filing

☐ EMERGENCY RELIEF REQUESTED _____   _____

_____ Signature _____ Date

## COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202. Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing      ☐ Standard - Trial within 18 months of Filing

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited          Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short     Trial 210 days.

☐ Standard           Trial 360 days.

☐ Lead Paint         Fill in: Birth Date of youngest plaintiff _____ .

☐ Asbestos           Events and deadlines set by individual judge.

☐ Protracted Cases   Complex cases designated by the Administrative Judge.

## CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.

☐ Liability is not conceded, but is not seriously in dispute.

☐ Liability is seriously in dispute.

## CIRCUIT COURT FOR BALTIMORE COUNTY

☐ Expedited
(Trial Date-90 days)

Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ Standard
(Trial Date-240 days)

Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.

☐ Extended Standard
(Trial Date-345 days)

Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.

☐ Complex
(Trial Date-450 days)

Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases.

**DISTRICT COURT OF MARYLAND FOR** _____ HARFORD COUNTY _____
City/County

Located at 20 West Courtland Street, Bel Air, MD. 21014
Court Address

**STATE OF MARYLAND**
**OR**

Case No. 12-C-11-000086 CN

Trial Date _____

Kiddie Academy Domestic Franchise (KADF)
Name

3415 Box Hill Corporate Center Drive
Address

Abingdon, MD. 21009

Plaintiff/Judgment Creditor

vs.

Mark C. Meade ,Lauren A. Meade (daughter)
Name

5 Heritage Rd.
Address

Florham Park, New Jersey 07932

Defendant/Judgment Debtor

## MOTION

1) Remove Case from Circuit Court of Harford County and refer to United States Bankruptcy Court, District of NJ

Case # 10-139528-NLW, Hon. NOVLYN L. WINFIELD filed 09/24/2010.

2) Remove Case from Circuit Court Harford County and refer to United State District Court for the District of NJ

Case # 11-900 (DMC) Hon. Dennis M. Cavanangh, filed 2/16/2011

Please see attached explanation and documents.

I am the ☐ Attorney for ☐ Plaintiff ☐ Defendant ☒ Other - Specify: PRO SE
☐ Request Hearing on Motion

5 Heritage Rd.
Address

Florham Park       NJ       07932
City              State         Zip

Signature _____ 2/26/2011
Date

Mark C. Meade

Name – Printed

732-598-0092

Telephone No.

## CERTIFICATE OF SERVICE

I certify that I served a copy of this Motion upon the following party or parties by mailing first class mail, postage prepaid, on 2/26/2010 _____ to:
Date

Jody Maier,  Levin & Gann, P.A.
Name

Kiddie Academy Domestic Franchise (KADF)
Name

Name

Date

502 Washington Ave. 8th Fl. Towson MD. 21204
Address

3415 Box Hill Corp. Ctr. Dr. Abingdon, MD 21009
Address

Address

Signature of Party Serving

## ORDER

It is hereby ORDERED that:

☐ the relief requested be granted

☐ the hearing on Motion be set for _____

☐ denied

Date

Judge

DC 2 (Rev. 6/2008)

Motion in Case # 12-C-11-000086 CN

1) Mark C. Meade and Lauren A. Meade (daughter) are residents of New Jersey and operate a Kiddie Academy Domestic Franchise in New Jersey.

2) DASODA CORP. is the New Jersey corporation that operates the Kiddie Academy. DASODA CORP. filed for bankruptcy protection in the United States Bankruptcy Court District of New Jersey on 09/24/2010, case number 10-139528-NLW, naming KADF as a creditor. The matter before the court seeks to deny DASODA CORP. and it's principle ,the protection afforded under the bankruptcy laws. The amount KADF is claiming is inaccurate and is disputed. Furthermore the bankruptcy case has not been discharged as yet and that determination will establish the amount owed by DASODA CORP. and consequently any amount that may or not be owed by the owner of DASODA CORP. , Mark C. Meade.

3) DASODA CORP. has been diligently re-organizing under the Chapter 11 bankruptcy and has reached an agreement with the landlord and is negotiating with CIT Small Business Lending, and is willing to negotiate with KADF.

4) I have filed as of 02/16/2011 a civil suit v KADF under "DIVERSITY" and violations of FTC/UFOC Rules, Breach of Contract, and Fraud and Misrepresentation by commission and omission under SBA/Office of Inspector General guidelines and SEC Section 10, Rule 10b5. That suit is filed in U.S. District Court, District of New Jersey, Case # 11-900 (DMC).

5) The Motion is to hear all matters related to all cases in the courts where they are files and where KADF can seek a redress of grievances.

A) Plaintiff Cites Forum Selection Provisions of the franchise Agreement.

1) Defendant was without benefit of counsel and Forum Selection Clause was not mentioned by Franchisor. In fact the clause is buried on page 65 of the agreement and is neither capitalized nor in bold type. Hence as in In re RICOH CORP. 870 F.2d at 573-74, " the forum selection clause is determined by considering whether the clause was freely and fairly negotiated by experienced professionals and whether there was any fraud, misrepresentation, duress, or any other misconduct in connection with the agreement to the forum selection clause.

My suit alleges such fraud and misconduct under FTC/UFOC and SEC sec. 10 Rule 10b5. In addition I am not an experienced business professional but a first time franchisee.

2) As I am still in the bankruptcy court and running the business and looking for work to offset the business difficulties attending court 300 miles away would amount to "forum non convenicos", and prove an extreme hardship and prevent me from airing the dispute thereby denying me my "day in court" thereby not providing adequate remedy.

3) New Jersey has a franchise fair practices act as a matter of public policy. In High Life Sales v. Brown-Forman the court held " forum selection may violate public policy when a particular state has a strong interest in regulating a particular industry, or in protecting a certain class of peoples." Certainly by virtue of the fact NJ has a strong franchise fair practices act demonstrates this.

4) Courts have held that forum selection clauses will not be upheld unless the Franchisor can prove that the clause was not imposed as a result of the Franchisors superior bargaining power. Indeed the Franchisor had superior bargaining power based on the

experience of selling multiple franchises and myself being a first time purchaser. The franchise presentation is concerned with selling and meeting the "team" and putting it's best foot forward and no mention is ever made of the forum clause either during the sale or in the subsequent "training" week the owner's endure.

5) USC Title 15,2805 (f)

1) No franchisor shall require, as a condition of entering into or renewing the franchise relationship, a franchisee to release or waive ----

a) any right that the franchisee has under this subchapter or other Federal law ; or

b) any right that the franchisee may have under any valid and applicable state law.

2) No provision of any franchise shall be valid or enforceable if the provision specifies that the interpretation or enforcement of the franchise shall be governed by any State other than the State in which the franchisee has the principal place of business of the franchise.

The purpose of the above is to retain the rights of the individual to bring suit and action against those which have harmed them and those rights cannot be waived or diminished. To allow the franchisor to select a venue amounts to home court advantage. They will know the tendencies of the court, and thereby gaining another advantage over the franchisee who in this case was driven into bankruptcy by the misrepresentation and breach of contract and failure to support as promised the franchisee throughout the entire process. This resulted in the suits filed by me for the Federal violations.

Thank you, for your consideration of this motion. I am attaching relevant documents.

1) Request for an accounting of the amounts purportedly owed, showing the accuracy of the assessment, penalties and interest included.

2) Copies of Bankruptcy Filing.

3) Copies of civil action filed.

Sincerely,   Mark C. Meade Pro Se

2/26/11

*JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provid by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiati the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Mark C. Meade

**(b)** County of Residence of First Listed Plaintiff  Morris

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Pro Se, Mark C. Meade, 5 Heritage Rd., Florham Park, NJ 07932
Phone # 732-598-0092

## DEFENDANTS

County of Residence of First Listed Defendant  Harford Cty., MD.

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☒ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity, SEC section 10, Rule 10 b 5

Brief description of cause:
Defendant de-frauded plaintiff, plaintiff was unjustly enriched, plaintiff breached contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 8,700,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S)
(See instructions):

JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

2011 FEB 16 P

U.S. DISTRICT C

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of New Jersey

| | | |
|---|---|---|
| Mark C. Meade | ) | |
| _Plaintiff_ | ) | |
| v. | ) | |
| Kiddie Academy Domestic Franchise, (KADF),Michael Miller, Susan Wise, Bill Enderess | ) ) ) | Civil Action No. $11-900(DMC)$ |
| _Defendant_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Kiddie Academy Domestic Franchise, (KADF) 3415 Box Hill Corporate Center Drive, Abingdon, Maryland, 21009

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Pro Se, Mark C. Meade 5 Heritage Rd., Florham Park, New Jersey 07932

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

WILLIAM T. WALSH

_CLERK OF COURT_

Date: ___2-22-11___

DIANNE C. RICHARDS

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Mark C. Meade
5 Heritage Rd.
Florham Park, New Jersey 07932
PRO SE
PLAINTIFF

IN UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT

2011 FEB 16   P 12: 09

DISTRICT OF NEW JERSEY

V.

KIDDIE ACADEMY
DOMESTIC FRANCHISING,LLC
(KADF) Michael Miller, Susan Wise, Bill Endress

Case No. _11-900 (DMC)_

DEFENDANTS

••••••••••••••••••••••••••••••••••••••••••••••••••••••••

## JURISDICTION

1) The court has jurisdiction under " DIVERSITY".
2) Plaintiff Mark C. Meade is a resident of Morris County New Jersey. Defendant is a resident of or has their principle place of business in Harford County, Maryland.
3) Court has jurisdiction as the suit involves SEC violations under Sec. 10 Rule 10b5.
4) Court has jurisdiction as defendants have violated FTC/UFOC rules and regulations.

## FACTS

1) Defendant is a FRANCHISOR who made false and misleading statements, and or ommisions of statements that the plaintiff relied on to enter into the franchise agreement.
2) Defendant made false and misleading statements in the preparation of an SBA business loan that harmed the plaintiff
3) Defendant failed to provide services promised by the franchise to the financial harm to the plaintiff
4) Defendent misrepresented that the purchasers (Plaintiff) will earn substantial income.
5) Defendant caused plaintiff to enter into agreements with equipment and service providers that were harmful to the plaintiff

All of the above statements are true, I am filing suit PRO SE, and certify the veracity of the above filing, under penalty of perjury.

_[signature]_                    _[signature]_  Mark C. Meade, PRO SE Plaintiff

## Complaints and Other Initiating Documents

2:11-cv-00900-DMC -JAD MEADE v. KIDDIE ACADEMY DOMESTIC FRANCHISING, LLC et
al

### U.S. District Court

### District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 2/22/2011 at 11:34 AM EST and filed on 2/16/2011
**Case Name:**        MEADE v. KIDDIE ACADEMY DOMESTIC FRANCHISING, LLC et al
**Case Number:**      2:11-cv-00900-DMC -JAD
**Filer:**            MARK C. MEADE
**Document Number:** 1

**Docket Text:**
**COMPLAINT against BILL ENDRESS, KIDDIE ACADEMY DOMESTIC FRANCHISING,
LLC, MICHAEL MILLER, SUSAN WISE ( Filing fee $ 350 receipt number NEW005855.),
filed by MARK C. MEADE. (Attachments: # (1) Civil Cover Sheet, # (2) COPY OF FILING
FEE RECEIPT, # (3) Summons)(dr, )**

**2:11-cv-00900-DMC -JAD Notice has been electronically mailed to:**

**2:11-cv-00900-DMC -JAD Notice will not be electronically mailed to::**

MARK C. MEADE
5 HERITAGE RD.
FLORHAM, NJ 07932

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=2/22/2011] [FileNumber=4824360-0
] [30f925254013091276cf9cf28bce24541a128ed531e27d0466df2b2ac1349d67455
0f19f4fccdb46fb754a1b35cac5ccbb0ef1654e56072deeeb30037b2c95ac]]
**Document description:** Civil Cover Sheet
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=2/22/2011] [FileNumber=4824360-1
] [6592a2b0664b0168942a2e0610d21c4f9ab332df6603e9faa00f9ae9f93c3233492
3b03a528de89978a9a71cf0e791795c22f6d79d5aa8fab59ab7ce631bcff8]]
**Document description:** COPY OF FILING FEE RECEIPT
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=2/22/2011] [FileNumber=4824360-2
] [36a5d0bf7c2b842b9ff797e135f60370f7fe8b4afece28d957a9fc99de0fef3e476

```
MIME-Version:1.0
From:njdefiling@njd.uscourts.gov
To:ecfhelp@localhost.localdomain
Bcc:
--Case Participants: Judge Dennis M. Cavanaugh (njdnef_cavanaugh@njd.uscourts.gov),
Magistrate Judge Joseph A. Dickson (njdnef_dickson@njd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<4824451@njd.uscourts.gov>
Subject:Activity in Case 2:11-cv-00900-DMC -JAD MEADE v. KIDDIE ACADEMY DOMESTIC
FRANCHISING, LLC et al Summons Issued
Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

### District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 2/22/2011 at 11:46 AM EST and filed on 2/22/2011

| | |
|---|---|
| **Case Name:** | MEADE v. KIDDIE ACADEMY DOMESTIC FRANCHISING, LLC et al |
| **Case Number:** | 2:11-cv-00900-DMC -JAD |
| **Filer:** | |
| **Document Number:** | 2(No document attached) |

**Docket Text:**
**SUMMONS ISSUED as to BILL ENDRESS, KIDDIE ACADEMY DOMESTIC FRANCHISING, LLC, MICHAEL MILLER, SUSAN WISE with answer to complaint due within 21 days. MLD TO PRO SE PLAINTIFF(dr, )**

**2:11-cv-00900-DMC -JAD Notice has been electronically mailed to:**

**2:11-cv-00900-DMC -JAD Notice will not be electronically mailed to::**

MARK C. MEADE
5 HERITAGE RD.
FLORHAM, NJ 07932

Page 1 of 1

Subj:     **Royalty Overcharges**
Date:     1/4/2011 12:27:11 P.M. Eastern Standard Time
From:     MMeade4666@aol.com
To:       jbarrett@kiddieacademy.com
CC:       davidast@davidastlaw.com, ronhaririesq@aol.com, rhariri@celgene.com, mrmh1313@aol.com,
          ljm1228@aol.com, LaurenM01@vzw.blackberry.net

Hi Joe;

I don't have a ledger format so I will list KA revenue charges first and then the actual income. This pattern is consistent, with one or two undercharges.

| KA Royalty Revenue | Actual Revenue |
|---|---|
| Jan. 2009 $91086 | $76611 |
| Feb. 2009 $78995 | $70793 |
| Mar. 2009 $81084 | $80971 |
| Apr. 2009 $82975 | $82960 |
| May 2009 $107759 | $83999 |
| Jun 2009 $85520 | $82705 |
| Jul. 2009 $74164 | $81735 |
| Aug.2009 $87716 | $79017 |
| Sep.2009 $81767 | $81375 |
| Oct. 2009 $98958 | $89541 |
| Nov.2009 $79735 | $78295 |
| Dec.2009 $72952 | $78880 |
| Total 2009 $ 1022671    VS. | $966882 |

The difference is $55789.00. Let's assume a similar situation for 2007, 2008, and 2010. That would be over a $ 200000.00 difference in income and charges. Let's figure out a number we can begin negotiating on. Gregg say's it's about $ 120000.00. How much of that is late charges and interest charges. Let's get a more representative amount owed minus any overcharges. Thanks, Mark

Page 1 of 1

Subj: **Royalty Re Payment**
Date: 6/7/2010 3:14:16 P.M. Eastern Standard Time
From: MMeade4666@aol.com
To: jbarrett@kiddieacademy.com

DASODA CORP. is paying a weekly royalty of $ 573.87. This represents a partial payment to reduce the monthly arrears being charged to my royalty account. DASODA CORP. can increase the amount paid to reduce the monthly and or total arrearages with an increase in enrollment. DASODA CORP. is operating at approximately 40 % capacity. This percentage represents an operating deficit being incurred by DASODA CORP. It is critical that DASODA CORP. enroll sufficiently for the September 2010 school year to begin operating at a profit and bringing the royalty payment current. Additional monthly payments can then be made to reduce the outstanding royalty balance. Contingent upon a 10 - 20 % increase in center utilization this payment plan can be instituted in the Oct. / Nov. 2010 school year. This is the plan to reduce and bring current all outstanding royalties.

Page 1 of 1

Subj: **Royalty Payment**
Date: 9/20/2010 1:12:23 P.M. Eastern Standard Time
From: MMeade4666@aol.com
To: swise@kiddieacademy.com

Hi Sue, I am still having problems with the royalty payment. We agreed sometime in Apr. 2010 to agree on a payment to be made toward royalties. That amount was $ 578.73. This amount was taken out successfully for several weeks. Then a different amount, over $1600.00 was taken out causing the account to go negative. The account was prepared to distribute the agreed upon amount. The larger amount was not funded. This caused an over-draft fee to be charged. As the greater amount is two payments the account is charged for each amount requested. Often this amount is approximately $ $140.00 per month. This charge has impacted my account for over a year. I also am subject to the overdrafts being withdrawn by the bank from the payroll account. This makes the funded payroll account become overdrawn, charged a fee, and causing salary checks to be unfunded. However the original agreement would cause none of this. Why are these amounts being debited and not the original amount. Mark, KA of Jackson

Tuesday, February 22, 2011 America Online: MMeade4666

Exhibit B

# DAVID ALAN AST, P.C.

222 RIDGEDALE AVENUE, P.O. BOX 1309, MORRISTOWN, N.J. 07962-1309

ATTORNEY AT LAW

TEL: (973) 984-1300
FAX: (973) 984-1478
davidast@davidastlaw.com

September 27, 2010

Cardinale & Jackson
Attn:  Cardinale Enterprises
46 Newman Springs Road East, Suite E
Red Bank, NJ 07701-1531

CIT Small  Business Lending
One CIT Drive
Livingston, NJ 07039

Kiddie Academy
3415 Box Hill Corporate Center Drive
Abingdon, MD 21009-1201

**Re:  DASODA CORP.**
**Case No. 10-39528**

Dear Sir or Madam:

Please be advised that the above corporation filed for protection under Chapter 11 of the Bankruptcy Code on September 24, 2010.  You will be receiving official notices from the Bankruptcy Court shortly.

Enclosed herewith please find a copy of a Notice of Electronic Filing of the following:

1.    Application for Retention of Professional.

2.    Certification of Professional in Support of Application for Retention of Professional.

3.    Proposed Order Authorizing Retention of David A. Ast, Esq., as Attorney for Debtor/Debtor-in-Possession.

The objection deadline set by the Court is October 1, 2010.

Please be guided accordingly.

Very truly yours,

DAVID ALAN AST, P.C.

By: _____
DAVID A. AST

DAA:as
Enclosures
cc:  Mr. Mark C. Meade(w/enc.)

Z:\DAA Data\Data\CHAP11\Dasoda Corp\App Retain Ast

US Bankruptcy Court NJ - Live Database

**File a Motion:**

10-39528 Dasoda Corp
Type: bk
Assets: y

*Ex h i b i t B*    Page 1 o

Chapter: 11 v

Office: 2 (Newark)

**U.S. Bankruptcy Court**

**District of New Jersey**

Notice of Electronic Filing

The following transaction was received from David A. Ast entered on 9/24/2010 at 2:51 PM EDT and filed on 9/24/2010
**Case Name:**            Dasoda Corp
**Case Number:**          10-39528
**Document Number:** 2

**Docket Text:**
Application For Retention of Professional David Alan Ast, P.C. as Attorney fo Debtor in Possession Filed by David A. Ast on behalf of Dasoda Corp. Objection deadline is 10/1/2010. (Attachments: # (1) Certification of David A. Ast in Support of Application For Retention# (2) Proposed Order Authorizing Retention of David Alan Ast, P.C.) (Ast, David)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Z:\DAA Data\Data\CHAP11\Dasoda Corp\App Retain Attorney\Application.100924.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=9/24/2010] [FileNumber=26717921-0] [49caf3f1e351df1cad11fb96949fddf678a85d28cfbf20826febb68760b4863c97 04a7d174d6a9c5937940e38d8960d23b2e47187cea3a77a5a6be75424486e9]]
**Document description:**Certification of David A. Ast in Support of Application For Retention
**Original filename:**Z:\DAA Data\Data\CHAP11\Dasoda Corp\App Retain Attorney\Certification.100924.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=9/24/2010] [FileNumber=26717921-1] [34740bbc377b845c6d8af98291aaf5a2502096222b2e8b89ff1e4dab6387b4588f a5fde70758fe96a45793a03d942542b5e0eb05a1df3e1c89f96e2618a4d26f]]
**Document description:**Proposed Order Authorizing Retention of David Alan Ast, P.C.
**Original filename:**Z:\DAA Data\Data\CHAP11\Dasoda Corp\App Retain Attorney\Order.100924.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=9/24/2010] [FileNumber=26717921-2] [7b5a648f47049e8013ac83bcd2da96dd9d71744bda613a8df6f35213479e9ba4f2 047179ea005c4053ff8bcebab9a4bda2ad75f96ecae5acc90b68579b5ff651]]



**CHILD CARE LEARNING CENTERS**

*Exhibit C*

June 23, 2006

Mark C. and Lauren Meade
5 Heritage Road
Florham Park, New Jersey 07932

Dear Mark and Lauren:

Welcome to the Kiddie Academy® community! You've joined a team, where all members, just like you, are passionately committed to building a community that shapes and inspires children for the future. Our contribution to your local community is helping you achieve your goals. In effect, your success is our success.

As the next step in helping you reach your initial business goal in becoming a Kiddie Academy franchisee owner, I have enclosed a fully executed Preliminary Agreement. Over the next few months, our Real Estate team will be helping you acquire a location for your Kiddie Academy franchise. This skilled team is eager to get started, and I am confident you will enjoy working with them. The Award team and Real Estate team will be contacting you within the next few days to begin this exciting process.

We place a high value on your trust and investment in Kiddie Academy and we are ready to put our brand and system to work.

Very truly yours,
Kiddie Academy Domestic Franchising, LLC

Michael J. Miller
President/CEO

Enclosure

Cc: Award Team
    Real Estate Team



**KIDDIE ACADEMY CORPORATE OFFICES**
108 East Wheel Road · Bel Air, Maryland 21015-6198
(410) 515-0788 · (410) 569-2729 Fax
www.kiddieacademy.com



Kiddie Academy Franchise Business Opportunity Franchise Gator.com                Page 1 of 3

*Exhibit C*



**Business and Franchise Opportunities for Entrepreneurs**
We pride ourselves on linking real people with real franchise opportunities

[ Search ]

A-Z Franchise List ▼    Franchise Opportunities by Industry ▼    Search by State ▼    Search By Investment ▼

Home    Franchise Directory    Kiddie Academy

**Kiddie Academy**

+ Add to Request List  |  Bookmark


EXPEDITED LOAN PROCESSING*


Community Begins Here.™
CHILD CARE LEARNING CENTERS

**REQUEST INFORMATION NOW**
Receive additional support, training, financing info and available locations

**More About Kiddie Academy**

Business Type: Franchise
Liquid Capital Required: $175,000
Net Worth Required: $500,000
Total Investment: $345,100 - $627,000
Financing Assistance: Available
Training and Support: Available

**Kiddie Academy Franchise Information:**

Achieve your personal and professional goals while providing a valuable service to the families in your community. Make a difference in their lives and yours.

*Earnings Claims*

With a Kiddie Academy® average revenue $1,079,321* and average gross profit $276,119*, your financial goals could be within reach

*Concept Statement:*



At Kiddie Academy®, we awaken the possibilities through nurturing, learning and fun. By blending these things together, we ensure that our students are constantly stimulated, constantly interested and constantly growing. Our curriculum incorporates character development and life skills, reinforced with our family style dining and creative play. Kiddie Academy Domestic Franchising, LLC is accredited by AdvancED, an organization that accredits over 27,000 public and private schools and districts across the United States and in 69 countries. Accreditation is the result of a comprehensive review of the system's proven operating systems, proprietary curriculum, and commitment to continuous improvement.

*Start-up Assistance:*



Kiddie Academy® offers a variety of third party financing options and is registered with the SBA registry and the VetFran program. Our multi-step development process supports you through the steps of securing financing, site selection, construction, licensing, training, pre-launch and ramp-up.

*Academy Design:*

Kiddie Academy's signature building is designed to give families a Kiddie Academy® branded experience while allowing you to design and construct your academy to meet your local codes and marketplace needs within your protected territory. Our expert real estate and construction teams will support your site selection and academy construction activities, whether you choose to pursue a build to suit lease, purchase option, or in-line conversion.



*Training and Support:*

Kiddie Academy delivers high quality initial and ongoing training and support, including four weeks of initial training, 15 days of director training, ongoing refresher training programs and site visits. We combine the best in classroom and hands-on learning experiences, ensuring skill acquisition, retention and real world application.

*History:*

Based in Abingdon, Maryland, Kiddie Academy® has been a leader in child care education for more than 30 years. As of January 1, 2011 there are currently 110 Kiddie Academy® facilities located in more than 20 states, including 106 franchised and four company-owned academies. Approximately 60 additional academies are in various stages of development.

**Free Franchise Newsletter**

This website does not constitute an offer to sell a franchise. Franchise offerings c[...] authorized offering documents



[ Sign Up ]    [...] state

Exhibit C

### HOW DOES KIDDIE ACADEMY® SUPPORT FRANCHISEES?

> "With Kiddie Academy®, we receive amazing support. Our Franchise Business Consultant is literally available to us 24/7, and has been from day one. We also get excellent support from the marketing team, the accounting team - anything we ever need, we get a response right away. **Having a team of experts behind us, that's what gives us peace of mind.**"
>
> **Saj Rizvi,**
> Franchisee, Streamwood, IL

Kiddie Academy® is fully engaged in helping franchisees produce quality results in every aspect of starting and operating their business.

Kiddie Academy provides thorough support in the following areas:

**Getting Started**
- Site Selection
- Construction
- Licensing
- Initial Training
- Pre-Opening
- Grand Opening
- Growth

**Continuing Engagement:**
- Expansion
- Financial Management
- Marketing
- Operations
- Licensing
- Continued Training
- Education

Our Commitment: Mobilize our resources so that the start-up and ongoing growth aspects of your business are efficient and prosperous.

PREV      NEXT

Exhibit D

 **Small Business Lending**

**Owner Information Form** Page 1 of 2

## Section 1 - General Information

Name  **Lauren**         **A**         **Meade**
      First         Middle Initial   Last

List any previous names, i.e. maiden name, alias, etc. (If additional names, please attach a separate sheet)

Name
      First         Middle Initial   Last         From: _____ To: _____

Social Security # _____   Date of Birth **09/06/83**   Place of Birth (City, State)  **B'klyn NY**

Current Address  **5 Heritage Rd.**

City  **Florham Park**         State  **NJ**   Zip code **07932**   From: **10/04** To: **Pres**

Previous Address (If current < 10 yrs.)  **30 Pension Rd,**

City  **Manalapan**         State  **NJ**   Zip code **07726**   From: **2/98** To: **10/04**

Phone  ( **973** ) **301** - **2221**   Fax  ( **973** ) **301** - **2221**   Cell Phone  ( **732** ) **690** - **3651**

Are you a U.S. Citizen?  ☒Yes ☐No   If No, are you a Lawful Permanent Resident Alien?   ☐Yes ☐No (If Yes, attach copy of Green Card)

Have you, or any officer of your company, ever been involved in bankruptcy or insolvency proceedings?  ☐Yes ☒No

Are your business and personal taxes current?  ☒Yes ☐No

Are you or your business involved in any pending lawsuits?  ☐Yes ☒No

Have you ever been disbarred from doing business with the U.S Government?  ☐Yes ☒No

Do you or your spouse or any member of your household, or anyone who owns, manages or directs your business, or their spouses or members of their household, work for the Small Business Administration, Small Business Advisory Council, SCORE, ACE, or a Federal Agency, or the participating lender?  ☐Yes ☒No

Have you ever been arrested, charged with, convicted of, or placed on pretrial diversion, or placed on any form of probation, including adjudication withheld pending probation, for any criminal offense other than a minor vehicle violation?  ☐Yes ☒No

## Section 2 - Education (Please complete or attach resume.)

Institution/Location  **Rutgers University NJ**         From **9/05** To **Pres.**
Degree  _____   Course of Study  **LA**

Institution/Location  **Brookdale C.C. NJ**         From **9/03** To **6/05**
Degree  **AA**   Course of Study  **LA**

## Section 3 - Work Experience (Last 5 years, if applicable. Please complete or attach resume)

Company Name/Location  **Lenscrafters NJ**         From **02/02** To **Pres.**
Title  **technician**   Duties  **assist Dr. giving eye exams to clients**

Company Name/Location  _____   From ____ To ____
Title  _____   Duties  _____

## Section 4 - Military Service Background (Please complete or attach resume.)

Branch  **NA**

Honorable Discharge: ☐Yes ☐No   Rank Upon Discharge _____   From ____ To ____   Grade ____

## Section 5 - Previous SBA or Federal Government Debt (Requested or received. Attach a separate sheet if needed)

Federal Agency  **NA**   ☐Approved ☐Declined   Date of Loan or Application ____   Original Loan Amount $____   Current Balance $____   ☐Current ☐Delinquent

 **Small Business Lending**

**Business Loan Application** Page 1 of 2

## Section 1 – Business Information

Company Name **DASODA CORP**    DBA or Franchise (if applicable)

Phone ( **732** ) **690** - **3651**    Fax ( **973** ) **301** - **2221**    E-Mail **XoXLaUr3NXoX@aol.com**

Street **Hope Chapel Rd.**

City **Jackson**    Suite #    Website **KIDDIEACADEMY>COM**

State **NJ**    Zip Code **08857**

Date Company Founded **6/22/06**    Date Of Current Ownership **6/22/06**    # of current locations **1**

# of Employees (Current) **2**    # of Employees (after financing) **25**    Tax Identification #

Type of Organization ☐C Corp ☒S Corp ☐LLC ☐LLP ☐LP ☐GP ☐Sole Prop.    State of Organization **NJ**

Does business currently have any plans for future locations? ☐Yes ☒No    (If yes, how many?)

Do sales to any one customer exceed 10% of business's annual revenue? ☐Yes ☒No

Type of Business ☒ Service ☐Retail ☐Wholesale ☐Mfg. ☐Distribution ☐Other (Describe)

Describe products and services: **Child Care Learning Center Franchise**

Customer Profile/Key Clients: **Working Families**

Major Competitors: **Goddard School, Tutor Time, The Learning Center**

## Section 2 - Project Summary

| Real Estate Purchase | $0 | Working Capital | $125,000 | Business/Practice Acquisition | | $109,202 |
|---|---|---|---|---|---|---|
| Building Improvements | $0 | Inventory | $ | Other (describe) | Franchise Fee | $80,000 |
| Equipment Purchase | $204,500 | Debt Refinance | $ | Other (describe) | Prof. Fees | $15,000 |
| Briefly Describe Project | | **Providing Quality Childcare and Early Childhood Education** | | | | |

## Section 3 – Ownership

List below all owners, partners, Limited Liability Corporation (LLC) members, and stockholders totaling 100% of ownership. For corporations identify all corporate officers regardless of ownership. For a Partnership or LLC, identify the managing /general partner or managing member.
If additional owners, check here ☐ and attach a separate sheet.

| Name | **Lauren Ann Meade** | Title | **CEO** | Ownership % | **51.00** | Social Security # | |
|---|---|---|---|---|---|---|---|
| Address | **5 Heritage Rd.** | City | **Florham Park** | State | **NJ** | Zip Code | **07932** |
| Name | **Mark C. Meade** | Title | **Pres.** | Ownership % | **49.00** | Social Security # | |
| Address | **5 Herirage Rd.** | City | **Florham Park** | State | **NJ** | Zip Code | **07932** |
| Name | | Title | | Ownership % | | Social Security # | |
| Address | | City | | State | | Zip Code | |
| Name | | Title | | Ownership % | | Social Security # | |
| Address | | City | | State | | Zip Code | |

## Section 4 - Affiliates

List below all business concerns in which the applicant company or any of the individuals listed in the Ownership Section above have 20% ownership or controlling interest. Affiliation also exists where an individual(s) has <u>control</u> of the Small Business Company and another concern. Affiliation also exists where an individual(s) has <u>control</u> of the Small Business Company and another concern(s) even though the ownership of one or both is small. If additional affiliates, check here ☐ and attach a separate sheet.

| Company Name | **NA** | | Owned By: | | Ownership % | |
|---|---|---|---|---|---|---|
| Address | | | | | # Employees | |
| Company Name | | | Owned By: | | Ownership % | |
| Address | | | | | # Employees | |

**CIT** Small Business Lending

Owner Information Form  *Page 2 of 2*

## Section 6 - Financial Information (If married include all individual and joint assets, liabilities, and income)

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash | $ | Credit Cards and Accounts Payable | $ |
| Savings/Checking Accounts | $1,500 | Unpaid Taxes | $ |
| Securities: Stocks, Bonds, | $ | Margin Accounts [1] | $ |
| Cash Value Life Insurance | $ | Loans Against Life Insurance | $ |
| Vehicles (all) | $ | Vehicle Loan Balances (all) | $ |
| IRA and 401k (all) | $ | Student Loan Balances (all) | $ |
| Household Goods | $ | Installment Loan Balances (all) | $ |
| Accounts and Notes Receivable | $ | Notes Payable to Banks and Others [2] | $ |
| Other: | $ | Other: | $ |

| INCOME | Monthly | | | Monthly |
|---|---|---|---|---|
| Salary | $ | Investment Income | | $ |
| Spouse Salary | $ | Other: | | $ |
| Rental Income | $ | Other: | | $ |
| EXPENSES | Monthly | | | Monthly |
| Vehicle Loan Payments (all) | $ | Insurances (all) | | $ |
| Student Loan Payments (all) | $ | Medical Expenses (3yr. Average) | | $ |
| Installment Loan Payments | $ | Property Taxes | | $ |
| Rent Expense or Condo Fee | $ | Child Care | | $ |
| Utilities | $ | Other: | | $ |

Describe other assets: _____

Describe other liabilities: _____
Other liabilities may include but may not be limited to items such as: loans you have endorsed, guaranteed, or co-signed; legal claims/judgments, etc....

Notes Payable to Banks and Others (If additional Notes, please attach a separate sheet)

Have you, or any business controlled by you ever had a loan or lease with CIT?  ☐Yes ☐No

Number of members in household including self, spouse (if applicable), and all dependents
[1] Please attach appropriate account statements for securities summarized above.
[2] Please provide details of Notes Payable to Banks and Others below.

| Lender | Original Amount | Current Balance | Monthly Payment | Collateral | Pmt Frequency |
|---|---|---|---|---|---|
| | $ | $ | $ | | _____ |
| | $ | $ | $ | | _____ |
| | $ | $ | $ | | _____ |

## Section 7 - Real Estate Holdings (If additional properties are owned, please attach a separate sheet)

| Property Type | Property 1 | | Property 2 | | Property 3 | |
|---|---|---|---|---|---|---|
| Address | _____ | | _____ | | _____ | |
| Owner of Record | | | | | | |
| Date Purchased | | | | | | |
| Original Cost | $ | | $ | | $ | |
| Current Value | $ | | $ | | $ | |
| | 1st Mortgage | 2nd Mortgage | 1st Mortgage | 2nd Mortgage | 1st Mortgage | 2nd Mortgage |
| Mortgage Holder | | | | | | |
| Mortgage Balance | $ | $ | $ | $ | $ | $ |
| Mortgage Payment | $ | $ | $ | $ | $ | $ |
| Mortgage Status | ☐Current ☐Past Due | ☐Current ☐Past Due | ☐Current ☐Past Due | ☐Current ☐Past Due | ☐Current ☐Past Due | ☐Current ☐Past Due |

**CIT SMALL BUSINESS LENDING CORPORATION AUTHORIZATION TO RELEASE INFORMATION**
In connection with this application for financing (and any update, extension, modification, renewal or review of such financing, if it is granted), each of the undersigned hereby authorizes CIT Small Business Lending Corporation and each of its affiliates (collectively, the "Lender") to make all inquiries it deems necessary to verify the accuracy of the information provided herein and to determine my creditworthiness including, without limitation, obtaining consumer and/or business credit reports regarding me or any entity I am affiliated with. Each of the undersigned individuals hereby acknowledges that Lender will obtain a consumer credit report concerning them. The Lender may, at any time in its sole discretion, disclose the status of the proposed financing transaction and the credit data and other information concerning or relating to the undersigned or the proposed financing transaction to the SBA, referral sources, franchisors, vendors, loan participants, other lenders, agents and affiliates of any undersigned or the Lender. The undersigned hereby certify that the enclosed application information, including all attachments, exhibits, schedules, etc., is true, valid, accurate and complete as of the date of this application. The undersigned understands that false statements may result in the denial of the application.

APPLICANT SIGNATURE: _____        DATE: _____

SPOUSE SIGNATURE: _____           DATE: _____

SPOUSE NAME: _____
(Spousal signature and Social Security number required to verify combined assets & liabilities as specified by community property laws)

SPOUSE SOCIAL SECURITY #: _____

This form is an integral part of the CIT Small Business Lending Corporation Business Loan Application and should be completed by each owner

**CIT** Small Business Lending

**Business Loan Application** Page 2 of

## Section 5 – Business Debt

If additional loans and/or leases, check here ☐ and attach a separate sheet.

| Lender | Purpose | Original Amount | Current Balance | Monthly Payment | Interest Rate | Maturity Date | Security | Status |
|--------|---------|-----------------|-----------------|-----------------|---------------|---------------|----------|--------|
| | | $ | $ | $ | | | | ☐Current ☐Past Due |
| | | $ | $ | $ | | | | ☐Current ☐Past Due |
| | | $ | $ | $ | | | | ☐Current ☐Past Due |
| | | $ | $ | $ | | | | ☐Current ☐Past Due |
| | Figures should reconcile with most recent Tax Return or Interim Financial Statement provided to Lender | | | | | | | ☐Current ☐Past Due |

## Section 6 - Accounts Receivable / Payable Information

If business (or the business/practice being acquired) has accounts receivable/payable, please attach an accounts receivable/payable summary aging report. If not available, complete the schedule below. If the company has no accounts receivable or payable, check here ☒ and proceed to the next section.

Does any customer make up more than 10% of the accounts receivable?
☐Yes ☐No

Does any supplier make up more than 10% of the accounts payable?
☐Yes ☐No

| Days Outstanding | 0 - 30 | 31 - 59 | 60 - 89 | 90 - 119 | 120 and Over |
|------------------|--------|---------|---------|----------|--------------|
| Accounts Receivable | $ | $ | $ | $ | $ |
| Accounts Payable | $ | $ | $ | $ | $ |
| Figures should reconcile with most recent Tax Return or Interim Financial Statement provided to Lender | | | | | |

## Section 7 - References and Professional Services

Bank Reference:

Bank Name: **Washington Mutual**   Contact: **Brian Walsh**

Address **463 Main St.**

City **Chatham**   Phone Number: **( 973 ) 701 - 7604**

Professionals: (if currently available)   State **NJ**   Zip Code **07928**

Accounting Firm: _____   Contact: _____

Attorney: _____   Contact: _____   Phone Number: (   )   -

Phone Number: (   )   -

## Section 8 – Applicant Comments

**ADDITIONAL INFORMATION WILL BE REQUIRED TO COMPLETE YOUR LOAN REQUEST**
Upon receipt of this application, a CIT Small Business Lending Corporation representative will contact you to discuss your transaction in further detail.  Prior to final review of this application, your representative will request other forms or documents based on your specific loan request.
**DISCLOSURE OF RIGHT TO REQUEST SPECIFIC REASONS FOR CREDIT DENIAL GIVEN AT TIME OF APPLICATION (BUSINESS CREDIT)**
If your application for business credit is denied, you have the right to receive a written statement of the specific reasons for the denial.  To obtain the statement, please contact CIT Small Business Lending Corporation, Attn. Chief Credit and Portfolio Officer, 1 CIT Drive, Livingston, New Jersey 07039 at (800) 453-3548 within 60 days from the date you are notified of our decision. We will send you a written statement of reasons for the denial within 30 days of receiving your request for the statement. Applicants are not required to obtain or pay for unwanted services.
**NOTICE:**  The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract), because all or part of the applicant's income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.  The federal agency that administers compliance with this law concerning this creditor is The Federal Trade Commission, Equal Credit Opportunity, Washington, D.C. 20580.
**CIT SMALL BUSINESS LENDING CORPORATION AUTHORIZATION TO RELEASE INFORMATION**
In connection with this application for financing (and any update, extension, modification, renewal or review of such financing, if it is granted), each of the undersigned hereby: authorizes CIT Small Business Lending Corporation and each of its affiliates (collectively, the "Lender") to make all inquiries it deems necessary to verify the accuracy of the information provided herein and to determine my creditworthiness including, without limitation, obtaining consumer and/or business credit reports regarding me or any entity I am affiliated with.  Each of the undersigned individuals hereby acknowledges that Lender will obtain a consumer credit report concerning them. The Lender may, at any time in its sole discretion, disclose the status of the proposed financing transaction and the credit data and other information concerning or relating to the undersigned or the proposed financing transaction to the SBA, referral sources, franchisors, vendors, loan participants, other lenders, agents and affiliates of any undersigned or the Lender. The undersigned hereby certify that the enclosed application information, including all attachments, exhibits, schedules, etc., is true, valid, accurate and complete as of the date of this application.  The undersigned understand that false statements may result in the denial of the application.

APPLICANT SIGNATURE: _____

TITLE: _____   Date _____

Return Executed Copies 1, 2, and 3 to SBA



OMB APPROVAL NO.3245-0178
Expiration Date:9/30/2006



**United States of America
SMALL BUSINESS
ADMINISTRATION**

### STATEMENT OF PERSONAL HISTORY

**Please Read Carefully - Print or Type**
Each member of the small business or the development company requesting assistance must submit this form in TRIPLICATE for filing with the SBA application. This form must be filled out and submitted by:
1. By the proprietor, if a sole proprietorship.

2. By each partner, if a partnership.

3. By each officer, director, and additionally by each holder of 20% or more of the ownership stock, if a corporation, limited liability company, or a development company.

Name and Address of Applicant (Firm Name)(Street, City, State, and ZIP Code)

Lauren Ann Meade

30 Pension Rd Old Bridge N.J. 08857

SBA District/Disaster Area Office

Amount Applied for (when applicable)
457,000

File No. (if known)

1. Personal Statement of: (State name in full, if no middle name, state (NMN), or if initial only, indicate initial.) List all former names used, and dates each name was used. Use separate sheet if necessary.

| First | Middle | Last |
|---|---|---|
| N/A | N/A | N/A |

2. Give the percentage of ownership or stock owned or to be owned in the small business or the development company
51 %

Social Security No.

3. Date of Birth (Month, day, and year)
09/06/1983

4. Place of Birth: (City & State or Foreign Country)
B'klyn, NY

Name and Address of participating lender or surety co. (when applicable and known)

5. U.S. Citizen?  ☒ YES   ☐ NO
If No, are you a Lawful
Permanent resident alien? ☐ YES   ☐ NO
If non-U.S. citizen, provide alien registration number:

6. Present residence address:
From:   1987
To:     PRESENT
Address: 29 Surrey Drive Old Bridge N.J. 08857
Home Telephone No. (Include A/C):   732-591-8649
Business Telephone No. (Include A/C):   732-690-3651

Most recent prior address (omit if over 10 years ago):
From:
To:
Address:

**PLEASE SEE REVERSE SIDE FOR EXPLANATION REGARDING DISCLOSURE OF INFORMATION AND THE USES OF SUCH INFORMATION.**

**IT IS IMPORTANT THAT THE NEXT THREE QUESTIONS BE ANSWERED COMPLETELY. AN ARREST OR CONVICTION RECORD WILL NOT NECESSARILY DISQUALIFY YOU; HOWEVER, AN UNTRUTHFUL ANSWER WILL CAUSE YOUR APPLICATION TO BE DENIED. IF YOU ANSWER "YES" TO 7, 8, OR 9, FURNISH DETAILS ON A SEPARATE SHEET. INCLUDE DATES, LOCATION, FINES, SENTENCES, WHETHER MISDEMEANOR OR FELONY, DATES OF PAROLE/PROBATION, UNPAID FINES OR PENALTIES, NAME(S) UNDER WHICH CHARGED, AND ANY OTHER PERTINENT INFORMATION.**

7. Are you presently under indictment, on parole or probation?
☐ Yes   ☒ No      (If yes, indicate date parole or probation is to expire.)

8. Have you ever been charged with and or arrested for any criminal offense other than a minor motor vehicle violation? Include offenses which have been dismissed, discharged, or not prosecuted (All arrests and charges must be disclosed and explained on an attached sheet.)
☐ Yes   ☒ No

9. Have you ever been convicted, placed on pretrial diversion, or placed on any form of probation, including adjudication withheld pending probation, for any criminal offense other than a minor vehicle violation?
☐ Yes   ☒ No

10. I authorize the Small Business Administration Office of Inspector General to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, and the Small Business Investment Act.

CAUTION: Knowingly making a false statement on this form is a violation of Federal law and could result in criminal prosecution, significant civil penalties, and a denial of your loan, surety bond, or other program participation. A false statement is punishable under 18 USC 1001 by imprisonment of not more than five years and/or a fine of not more than $10,000;under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a Federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

Signature

Title
CEO

Date
12/11/06

| Agency Use Only | | | | | |
|---|---|---|---|---|---|
| 11. ☐ Fingerprints Waived | | | 12. ☐ Cleared for Processing | | |
| | Date | Approving Authority | | Date | Approving Authority |
| ☐ Fingerprints Required | | | 13. Evaluation ☐ Request a Character | | |
| Date Sent to OIG | Date | Approving Authority | (Required whenever 7, 8, or 9 are answered | Date | Approving Authority |

PLEASE NOTE: The estimated burden for completing this form is 15 minutes per response. You are not required to respond to any collection of information unless it displays a currently valid OMB approval number.
Comments on the burden should be sent to U.S. Small Business Administration, Chief, AIB, 409 3rd St., S.W., Washington, D.C. 20416 and Desk Officer for the Small Business Administration, Office of Management and Budget, New Executive Office Building, Room 10202, Washington, D.C. 20503. OMB Approval 3245-0178. PLEASE DO NOT SEND FORMS TO OMB

*Exhibit E* (handwritten)

**Kiddie Academy — CHILD CARE LEARNING CENTERS**

## CASH FLOW PROJECTIONS

| | Month: 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|---|
| Enrollment | 30 | 38 | 46 | 54 | 63 | 71 | 79 | 87 | 95 |
| Utilization | 17.6% | 22.8% | 27.7% | 32.7% | 38.3% | 43.2% | 48.1% | 53.1% | 57.7% |
| **TUITION REVENUE** | $ 30,137 | $ 39,013 | $ 47,500 | $ 55,987 | $ 65,535 | $ 74,021 | $ 82,443 | $ 90,865 | $ 98,832 |
| Teachers' Wages | $ 12,990 | $ 15,068 | $ 21,304 | $ 23,382 | $ 25,880 | $ 28,058 | $ 30,137 | $ 32,735 | $ 32,735 |
| Other Salaries and Wages | 4,583 | 4,583 | 4,583 | 4,583 | 4,583 | 4,583 | 4,583 | 4,583 | 4,583 |
| Payroll Taxes | 2,437 | 2,726 | 3,591 | 3,879 | 4,239 | 4,527 | 4,816 | 5,176 | 5,176 |
| Employee Benefits | 904 | 1,170 | 1,425 | 1,680 | 1,966 | 2,221 | 2,473 | 2,726 | 2,965 |
| Food Purchases | 603 | 780 | 950 | 1,120 | 1,311 | 1,480 | 1,649 | 1,817 | 1,977 |
| Supplies | 2,318 | 2,318 | 2,318 | 2,318 | 1,159 | 1,159 | 1,159 | 1,159 | 1,159 |
| Local Advertising | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 |
| Yellow Page Advertising | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 |
| Recruiting | - | - | - | - | - | - | - | - | - |
| Vehicle Lease/Payment | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| Janitorial Services | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 |
| Repairs and Maintenance | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 |
| Refuse Removal | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 |
| Telephone | - | - | - | - | - | - | - | - | - |
| Electric, Gas and Water | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 |
| Advertising Fund | 603 | 780 | 950 | 1,120 | 1,311 | 1,480 | 1,649 | 1,817 | 1,977 |
| Royalties | 2,110 | 2,731 | 3,325 | 3,919 | 4,587 | 5,181 | 5,771 | 6,361 | 6,918 |
| **TOTAL OPERATING COSTS** | $ 30,147 | $ 33,757 | $ 42,045 | $ 45,950 | $ 49,086 | $ 52,641 | $ 56,187 | $ 60,324 | $ 61,439 |
| **GROSS OPERATING PROFIT** | $ (11) | $ 5,266 | $ 5,455 | $ 10,037 | $ 16,448 | $ 21,380 | $ 26,267 | $ 30,541 | $ 37,393 |
| Basic Rent | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Additional Rent | $ - | $ - | 22,193 | 22,193 | 22,193 | 22,193 | 22,193 | 22,193 | 22,193 |
| Operating Expense Rent | - | - | 4,395 | 4,395 | 4,395 | 4,395 | 4,395 | 4,395 | 4,395 |
| Property Taxes | - | - | - | - | - | - | - | - | - |
| Insurance | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 |
| Professional Fees | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 |
| Capital Expenditures | - | - | - | - | - | - | - | - | - |
| Debt Service | 7,590 | 7,590 | 7,590 | 7,590 | 7,590 | 7,590 | 7,590 | 7,590 | 7,590 |
| Miscellaneous | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| **TOTAL NON-OPERATING COSTS** | $ 9,790 | $ 9,790 | $ 36,377 | $ 36,377 | $ 36,377 | $ 36,377 | $ 36,377 | $ 36,377 | $ 36,377 |
| **NET CASH <OUT>FLOW** | $ (9,801) | $ (4,534) | $ (30,922) | $ (26,340) | $ (19,929) | $ (14,997) | $ (10,121) | $ (5,836) | $ 1,015 |
| Cash Balance | $ 115,199 | $ 110,666 | $ 79,743 | $ 53,403 | $ 33,474 | $ 18,477 | $ 8,356 | $ 2,520 | $ 3,536 |

$ 125,000 (beginning)

YEAR 1 PROJECTIONS

KIDDIE ACADEMY
CONFIDENTIAL

4/11/2009
11:30 PM

Exhibit E

4/11/2009
11:30 PM

**Kiddie Academy® — CHILD CARE LEARNING CENTERS**

| | 10 103 62.4% | 11 109 65.9% | 12 119 71.8% | Full Year 78 45.1% | Percent of Tuition | FTE/Mas |
|---|---|---|---|---|---|---|
| | $ 106,799 | $ 112,905 | $ 122,894 | $ 927,031 | 100.00% | 226.58 |
| | $ 32,735 | $ 34,813 | $ 37,411 | $ 327,348 | 35.31% | 80.71 |
| | 4,583 | 4,583 | 4,583 | 55,000 | 5.93% | 13.56 |
| | 5,176 | 5,464 | 5,825 | 53,032 | 5.72% | 13.07 |
| | 350 | 350 | 350 | 3,150 | 0.34% | 0.78 |
| | 3,204 | 3,387 | 3,690 | 27,811 | 3.00% | 6.86 |
| | 2,136 | 2,258 | 2,460 | 18,541 | 2.00% | 4.57 |
| | 1,159 | 1,159 | 1,159 | 18,541 | 2.00% | 4.57 |
| | 250 | 250 | 250 | 3,000 | 0.32% | 0.74 |
| | 50 | 50 | 50 | 600 | 0.06% | 0.15 |
| | - | - | - | - | 0.00% | 0.00 |
| | 500 | 500 | 500 | 6,000 | 0.65% | 1.48 |
| | 50 | 50 | 50 | 600 | 0.06% | 0.15 |
| | 150 | 150 | 150 | 1,800 | 0.19% | 0.44 |
| | 100 | 100 | 100 | 1,200 | 0.13% | 0.30 |
| | 2,500 | 2,500 | 2,500 | 30,000 | 3.24% | 7.40 |
| | 2,136 | 2,258 | 2,460 | 18,541 | 2.00% | 4.57 |
| | 7,476 | 7,903 | 8,610 | 64,892 | 7.00% | 18.00 |
| | $ 62,555 | $ 65,776 | $ 70,147 | $ 630,055 | 67.96% | 155.34 |
| | $ 44,245 | $ 47,128 | $ 52,847 | $ 296,977 | 32.04% | 73.22 |
| | $ 22,193 | 22,193 | 22,193 | 221,926 | 23.94% | 54.72 |
| | | | | | 0.00% | |
| | 4,395 | 4,395 | 4,395 | 43,946 | 4.74% | 10.83 |
| | | | | | 0.00% | 0.00 |
| | 1,500 | 1,500 | 1,500 | 18,000 | 1.94% | 4.44 |
| | 200 | 200 | 200 | 2,400 | 0.26% | 0.59 |
| | | | | | 0.00% | 0.00 |
| | 7,590 | 7,590 | 7,590 | 91,081 | 9.83% | 22.46 |
| | 500 | 500 | 500 | 6,000 | 0.65% | 1.48 |
| | $ 36,377 | $ 36,377 | $ 36,377 | $ 383,353 | 41.35% | 94.52 |
| | $ 7,867 | $ 10,751 | $ 16,469 | $ (86,377) | -9.32% | -21.30 |
| | $ 11,403 | $ 22,154 | $ 38,623 | $ 38,623 | | |

Jackson

KIDDIE ACADEMY
CONFIDENTIAL

YEAR 1
PROJECTIONS



Exhibit E

CHILD CARE LEARNING CENTERS

## CASH FLOW PROJECTIONS

| | Month:<br>1<br>174<br>100.0% | 2<br>174<br>100.0% | 3<br>174<br>100.0% | 4<br>174<br>100.0% | 5<br>174<br>100.0% | 6<br>174<br>100.0% | 7<br>174<br>100.0% | 8<br>174<br>100.0% | 9<br>174<br>100.0% | 10<br>174<br>100.0% | 11<br>174<br>100.0% | 12<br>174<br>100.0% | Full Year<br>174<br>100.0% | Percent<br>of<br>Tuition | FT Rate |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Enrollment | 174 | 174 | 174 | 174 | 174 | 174 | 174 | 174 | 174 | 174 | 174 | 174 | 174 | | 240.00 |
| Utilization | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | | |
| TUITION REVENUE | $ 181,704 | $ 181,704 | $ 181,704 | $ 181,704 | $ 181,704 | $ 181,704 | $ 181,704 | $ 181,704 | $ 181,704 | $ 181,704 | $ 181,704 | $ 181,704 | $ 2,180,444 | 100.0% | 240.00 |
| Teachers Wages | 48,234 | 48,234 | 48,234 | 48,234 | 48,234 | 48,234 | 48,234 | 48,234 | 48,234 | 48,234 | 48,234 | 48,234 | 578,808 | 26.55% | 63.97 |
| Other Salaries and Wages | 4,862 | 4,862 | 4,862 | 4,862 | 4,862 | 4,862 | 4,862 | 4,862 | 4,862 | 4,862 | 4,862 | 4,862 | 58,340 | 2.68% | 6.45 |
| Payroll Taxes | 7,364 | 7,364 | 7,364 | 7,364 | 7,364 | 7,364 | 7,364 | 7,364 | 7,364 | 7,364 | 7,364 | 7,364 | 88,373 | 4.05% | 9.77 |
| Employee Benefits | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 4,200 | 0.19% | 0.46 |
| Food Purchases | 5,451 | 5,451 | 5,451 | 5,451 | 5,451 | 5,451 | 5,451 | 5,451 | 5,451 | 5,451 | 5,451 | 5,451 | 65,413 | 3.00% | 7.23 |
| Supplies | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 43,609 | 2.00% | 4.82 |
| Local Advertising | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 43,609 | 2.00% | 4.82 |
| Yellow Page Advertising | 265 | 265 | 265 | 265 | 265 | 265 | 265 | 265 | 265 | 265 | 265 | 265 | 3,183 | 0.15% | 0.35 |
| Recruiting | 53 | 53 | 53 | 53 | 53 | 53 | 53 | 53 | 53 | 53 | 53 | 53 | 637 | 0.03% | 0.07 |
| Janitorial Services | | | | | | | | | | | | | | 0.00% | 0.00 |
| Vehicle Lease/Payment | 530 | 530 | 530 | 530 | 530 | 530 | 530 | 530 | 530 | 530 | 530 | 530 | 6,345 | 0.29% | 0.70 |
| Repairs and Maintenance | 515 | 515 | 515 | 515 | 515 | 515 | 515 | 515 | 515 | 515 | 515 | 515 | 6,180 | 0.28% | 0.68 |
| Refuse Removal | 159 | 159 | 159 | 159 | 159 | 159 | 159 | 159 | 159 | 159 | 159 | 159 | 1,910 | 0.09% | 0.21 |
| Telephone | 106 | 106 | 106 | 106 | 106 | 106 | 106 | 106 | 106 | 106 | 106 | 106 | 1,273 | 0.06% | 0.14 |
| Electric, Gas and Water | 2,652 | 2,652 | 2,652 | 2,652 | 2,652 | 2,652 | 2,652 | 2,652 | 2,652 | 2,652 | 2,652 | 2,652 | 31,827 | 1.46% | 3.52 |
| Advertising Fund | | | | | | | | | | | | | | | |
| Royalties | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 3,634 | 43,609 | 2.00% | 4.82 |
| | 12,719 | 12,719 | 12,719 | 12,719 | 12,719 | 12,719 | 12,719 | 12,719 | 12,719 | 12,719 | 12,719 | 12,719 | 152,631 | 7.00% | 16.87 |
| TOTAL OPERATING COSTS | $ 94,166 | $ 94,166 | $ 94,166 | $ 94,166 | $ 94,166 | $ 94,166 | $ 94,166 | $ 94,166 | $ 94,166 | $ 94,166 | $ 94,166 | $ 94,166 | $ 1,129,974 | 51.82% | 124.89 |
| GROSS OPERATING PROFIT | $ 87,539 | $ 87,539 | $ 87,539 | $ 87,539 | $ 87,539 | $ 87,539 | $ 87,539 | $ 87,539 | $ 87,539 | $ 87,539 | $ 87,539 | $ 87,539 | $ 1,050,470 | 48.18% | 116.10 |
| Basic Rent | 23,544 | 23,544 | 23,544 | 23,544 | 23,544 | 23,544 | 23,544 | 23,544 | 23,544 | 23,544 | 23,544 | 23,544 | 282,530 | 12.96% | 31.23 |
| Additional Rent | | | | | | | | | | | | | | 0.00% | 0.00 |
| Operating Expense Rent | 4,662 | 4,662 | 4,662 | 4,662 | 4,662 | 4,662 | 4,662 | 4,662 | 4,662 | 4,662 | 4,662 | 4,662 | 55,947 | 2.57% | 12.90 |
| Property Taxes | | | | | | | | | | | | | | 0.00% | 0.00 |
| Insurance | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 1,591 | 19,096 | 0.88% | 2.11 |
| Professional Fees | 212 | 212 | 212 | 212 | 212 | 212 | 212 | 212 | 212 | 212 | 212 | 212 | 2,548 | 0.12% | 0.28 |
| Capital Expenditures | | | | | | | | | | | | | | 0.00% | 0.00 |
| Debt Service | 7,590 | 7,590 | 7,590 | 7,590 | 7,590 | 7,590 | 7,590 | 7,590 | 7,590 | 7,590 | 7,590 | 7,590 | 91,081 | 4.18% | 10.07 |
| Miscellaneous | 530 | 530 | 530 | 530 | 530 | 530 | 530 | 530 | 530 | 530 | 530 | 530 | 6,346 | 0.29% | 0.70 |
| TOTAL NON-OPERATING COSTS | $ 38,130 | $ 38,130 | $ 38,130 | $ 38,130 | $ 38,130 | $ 38,130 | $ 38,130 | $ 38,130 | $ 38,130 | $ 38,130 | $ 38,130 | $ 38,130 | $ 457,566 | 20.98% | 50.57 |
| NET CASH <OUT> FLOW | $ 49,409 | $ 49,409 | $ 49,409 | $ 49,409 | $ 49,409 | $ 49,409 | $ 49,409 | $ 49,409 | $ 49,409 | $ 49,409 | $ 49,409 | $ 49,409 | $ 592,904 | 27.19% | 65.53 |
| Cash Balance<br>$ 440,790<br>From Prior Year | 490,198 | 539,607 | 589,016 | 638,424 | 687,833 | 737,242 | 786,650 | 836,059 | 885,468 | 934,877 | 984,285 | 1,033,694 | $ 1,033,694 | | |

KIDDIE ACADEMY
CONFIDENTIAL

YEAR 3
PROJECTIONS

11/29/2006
4:33 PM

# Kiddie Academy Child Care Learning Centers
## Flash Pac Page 3
## Monthly Trends

Exhibit F

**219   Jackson**
Maximum Capacity   170
Danita

| CTR | Center Name | Month of | Enrollment | Full Time Equivalen | Util Percent | Max Revenue | Revenue | Teacher Wages | | Current A/R | | Adds | Drops | Net |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 219 | Jackson | 5/3/2008 | 57 | 35 | 20.8% | $37,475 | $7,793 | $0 | 0% | $11,264 | 45% | 7 | 4 | 3 |
| | | 4/5/2008 | 53 | 34 | 20.0% | $149,900 | $30,054 | $0 | 0% | $10,239 | 34% | 7 | 0 | 7 |
| | | 3/1/2008 | 45 | 30 | 17.5% | $187,375 | $32,779 | $1,562 | 5% | $7,259 | 22% | 8 | 4 | 4 |
| | | 2/2/2008 | 42 | 27 | 15.9% | $149,900 | $23,879 | $0 | 0% | $5,234 | 22% | 10 | 6 | 4 |
| | | 1/5/2008 | 37 | 26 | 15.1% | $149,900 | $22,617 | $3,249 | 14% | $5,767 | 25% | 8 | 1 | 7 |
| | | 12/11/2007 | 31 | 19 | 11.3% | $187,375 | $21,216 | $6,996 | 33% | $3,030 | 14% | 4 | 4 | 0 |
| | | 11/3/2007 | 32 | 18 | 10.6% | $154,800 | $16,336 | $7,010 | 43% | $3,873 | 24% | 4 | 2 | 2 |
| | | 10/6/2007 | 29 | 13 | 7.6% | $154,800 | $11,700 | $6,049 | 52% | $2,865 | 24% | 6 | 3 | 3 |
| | | 9/1/2007 | 23 | 8 | 5.0% | $193,500 | $9,579 | $0 | 0% | $830 | 9% | 21 | 0 | 21 |
| | | 8/4/2007 | 3 | 1 | 0.8% | $154,800 | $1,211 | $0 | 0% | $28 | 2% | 5 | 1 | 4 |
| | | 7/21/2007 | 2 | 1 | 0.4% | $77,400 | $309 | $0 | 0% | $0 | 0% | 2 | 0 | 2 |
| | Total / Average for Year | | 32 | 19 | 11.2% | $1,597,225 | $177,472 | $24,885 | 14% | $4,259 | 2% | 82 | 25 | 57 |
| | | | Average | Average | Average | Total | Total | Total | | Average | | Total | Total | Total |

Please refer to financial disclaimer on the cover page of this document regarding the information contained on this page. This disclaimer is an integral part of this document and the information contained herein.

Flash Pac Page 3 Monthly Trends

219   Jackson

*Current*

*Financials*

# DASODA CORP. DIP
## Reconciliation Summary
### Chase-DIP- 68033, Period Ending 01/31/2011

|  | Jan 31, 11 |
|---|---|
| **Beginning Balance** | 30.89 |
| **Cleared Transactions** | |
| Checks and Payments - 60 items | -32,526.89 |
| Deposits and Credits - 24 items | 36,164.00 |
| **Total Cleared Transactions** | 3,637.11 |
| **Cleared Balance** | 3,668.00 |
| **Uncleared Transactions** | |
| Checks and Payments - 2 items | -5,060.00 |
| **Total Uncleared Transactions** | -5,060.00 |
| **Register Balance as of 01/31/2011** | -1,392.00 |
| **New Transactions** | |
| Checks and Payments - 45 items | -23,659.22 |
| Deposits and Credits - 25 items | 26,035.95 |
| **Total New Transactions** | 2,376.73 |
| **Ending Balance** | 984.73 |

Exhibit G

Apr 23 2008 1:08PM   HP LASERJET FAX
DIVISION OF REVENUE   Fax:609-984-6708

Jul 12 2006   12:40   P.02   p. 1
Jul 10 2006   9:48

DP

C100

### New Jersey Department of Treasury
### Division of Commercial Recording
### Certificate of Incorporation, Profit
(Title 14A:2-7 New Jersey Business Corporation Act
For Use by Domestic Profit Corporation)

FILED
JUL 1 0 2006
STATE TREASURER

This is to Certify that, there is hereby organized a corporation under and by virtue of the above noted statue of the New Jersey Statutes.

1. Name of Corporation: **Dasoda Corp.**

2. The purpose for which this corporation is organized is (are) to engage in any activity within the purposes for which corporations may be organized under NJSA 14A 1-1 et seq:

3. Registered Agent: **Mark C. Meade**
4. Registered Office: **5 Heritage Road, Florham Park, NJ 07932**
5. The aggregate number of shares which the corporation shall have authority to issue is **2,500 shares**

6. If applicable, set forth the designation of each class and series of shares, the number in each, and a statement of the relative rights, preferences and limitations.
N/A

7. If applicable, set forth a statement of any authority vested in the board to divide the shares into classes or series or both and to determine or change their designation number, relative rights, preferences and limitations.
N/A

8. The first Board of Directors shall consist of **1** Director(s) (minimum of one).

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|
| **Mark C. Meade,** | **5 Heritage Road,** | **Florham Park,** | **NJ** | **07932** |

9. Name and address of Incorporator(s):
Name
**BRUCE B. HUBBARD - PRESIDENT, HUBBARD INC., D/B/A HUBCO INCORPORATION SERVICES**

| Street Address | City | State | Zip |
|---|---|---|---|
| **77 EAST JOHN ST** | **HICKSVILLE** | **N.Y.** | **11801** |

10. The duration of the corporation is: **Perpetual**
11. Other provisions:

In Witness whereof, each individual incorporator being over eighteen years of age has signed this certificate, or if the Incorporator is a corporation has caused this Certificate to be signed by its duly authorized officers this **July 3rd, 2006.**

Signature: *Bruce B. Hubbard*

Bruce B. Hubbard, Incorporator
President - Hubbard, Inc., D/B/A Hubco Incorporation Services

51715512
J3228156

0100965320

ID# 20 522 5222

Exhibit H

Form 254 – Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT

District of  New Jersey

In re  DASODA CORP.

      Debtor

**SUBPOENA FOR RULE 2004 EXAMINATION**

Case No.* 10-39528-NLW

To:  CIT Small Business Lending Corporation
One CIT Drive
Livingston, NJ 07039

Chapter  11

☑ **YOU ARE COMMANDED** to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below.  A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| DAVID ALAN AST, P.C.<br>222 Ridgedale Avenue<br>Morristown, NJ 07962-1309 | February 25, 2011 at 10:00 a.m. |

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Rider to Subpoena annexed hereto and made a part hereof.

| PLACE | DATE AND TIME |
|---|---|
| DAVID ALAN AST, P.C.<br>222 Ridgedale Avenue<br>Morristown, NJ 07962-1309 | February 18, 2011 at 10:00 a.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| ROBERT L. SCHMIDT, ESQ./DAVID ALAN AST, P.C./Attorney for Debtor<br>P.O. Box 1309, 222 Ridgedale Avenue<br>Morristown, NJ 07962-1309      973-984-1300 | February 4, 2011 |
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER | |

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 254 – Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

SERVED ON (PRINT NAME)

MANNER OF SERVICE

SERVED BY (PRINT NAME)

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

P.O. Box 1309, 222 Ridgedale Ave., Morristown, NJ 07962-1309

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## RIDER TO SUBPOENA

### DASODA CORP.
### CHAPTER 11
### CASE No. 10-39528-NLW

### INSTRUCTIONS

1.      The Deponent shall designate which documents are being produced in response to each of the paragraphs contained in the request for production of documents.

2.      Each and every request for a document or documents shall be deemed to call for the production of the original document or documents, to the extent that they are in or subject to, directly or indirectly, the control of the Debtor or any of its employees or agents. In addition, each request should be considered as including all copies and to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft or from each other (e.g. by reason of handwritten notes or comments having been added to one copy of a document, but not in the original or other copies thereto.).

3.      For each and every document herein requested which was formerly in the Deponent's possession, custody or control and has been lost, transferred or destroyed, the Deponent shall submit a written statement which;

      (a).      describes in detail the nature of the document;

      (b).      identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

      (c).      specifies the date on which the document was prepared or transmitted; and

      (d)      specifies, if possible, the date on which the document was lost, transferred or destroyed, and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing the destruction, and if lost, the circumstances surrounding such loss.

4. If the Deponent withholds any document from production under claim of privilege, set forth with respect to each document the following:

(a). the author or originator;

(b). each addressee or recipient of the documents or any copy thereof;

(c). the date which the document bears, or if it bears no date, the date on which it was made;

(d). the title or subject matter of the document and a general description of its contents;

(e). the nature of the document (e.g., memorandum, telegram, chart, etc.); and

(f) the basis for the claim or privilege.

5. This request for production of documents is continuing. Any document obtained or located subsequent to this production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

## DEFINITIONS

A. "Document" shall be used in its broadest sense and shall include any writing or record of any type or description (whether handwritten, typed, printed or otherwise made), including, but not limited to, the original and non-identical copy, regardless of origin or location, of any correspondence, records, reports, price lists, quotations, tables, charts, analyses, graphs, schedules, memoranda, notes, diaries, studies, directives, letter, telegrams, e-mail, teletypes, messages (including, but not limited to, reports of telephone conversations and conferences), books, bulletins, blueprints, drawings, tracings, photographs, notebooks, logs, financial statements, books of account, vouchers, deposit slips, ledgers, invoices, filed, periodicals, magazines, newspaper clippings, booklets, circulars, instructions, minutes, other communications (including, but not limited to, inter-

and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, options to purchase, memoranda of agreements, assignments, licenses, orders, invoices, statements, bills, checks, data sheets, data processing cards, photographic negatives, phone records, tape recordings, cassettes, wire recording, transcripts or recording, catalogues, brochures, computer printouts, diskettes, videotapes, all other printed or written matter of any kind, and all other date compilations from which information can be obtained and translated if necessary, and any other writings, regardless of the manner on which produced, whether handwritten, typed, printed or produced by any other process, including records of any telephone conversations or recordings, by electronic equipment, and any and all other writings or papers of any kind, including drafts, copies of reproductions of any of the foregoing, and information stored in computers or other data storage or processing equipment in the possession, custody or control of any of deponents, agents, officers, employees, representatives or attorneys.

B.      Debtor" shall refer to Dasoda Corp., the debtor in the within chapter 11 proceeding.

C.      "CIT  shall refer to CIT Small Business Lending Corporation.

D.      "Petition Date" shall mean September 24, 2010, the date in which the Debtor filed its voluntary chapter 11 petition.

E.      "SBA" shall mean United States Small Business Administration.

F.      "Loan" shall mean the note and all other documents and agreements executed by and between Dasoda Corp. and CIT Small Business Lending Corporation on March 30, 2007.

# SCHEDULE OF DOCUMENTS TO BE PRODUCED

1.  Entire underwriting file pertaining to the Loan, including but not limited to all internal emails and correspondence from the period beginning ____ 2006 and ending on May 31, 2007.

2.  All handbooks and documents pertaining to CIT's underwriting guidelines.

3.  All Documents, including but not limited to emails and correspondence, exchanged between CIT and SBA during the period beginning ____, 2006 and ending on May 31, 2007.

4.  All Documents, including but not limited to emails and correspondence, exchanged between CIT and Kiddie Academy during the period beginning ____, 2006 and ending on May 31, 2007

Z:\DAA Data\Data\CHAP11\Dasoda Corp\Rule 2004 Subpoena - CIT - Rider 110202

Form 254 – Subpoena for Rule 2004 Examination (12/06)

Exhibit I

# UNITED STATES BANKRUPTCY COURT

_____ District of __New Jersey__

In re  DASODA CORP.

                    Debtor

**SUBPOENA FOR RULE 2004 EXAMINATION**

Case No.* __10-39528-NLW__

To:  Kiddie Academy Child Care Learning Centers
     3315 Box Hill Coorporate Center Drive
     Abingdon, MD 21009-1201

Chapter __11__

☑ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| DAVID ALAN AST, P.C. 222 Ridgedale Avenue Morristown, NJ 07962-1309 | February 25, 2011 at 10:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Rider to Subpoena annexed hereto and made a part hereof.

| PLACE | DATE AND TIME |
|---|---|
| DAVID ALAN AST, P.C. 222 Ridgedale Avenue Morristown, NJ 07962-1309 | February 18, 2011 at 10:00 a.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| ROBERT L. SCHMIDT, ESQ./DAVID ALAN AST, P.C./Attorney for Debtor P.O. Box 1309, 222 Ridgedale Avenue Morristown, NJ 07962-1309          973-984-1300 | February 4, 2011 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

1. All internal Documents, including but not limited to internal emails between Kiddie Academy employees and officers during the period beginning _____ and ending on the Petition Date.

2. All Documents relating to invoicing by Kiddie Academy to Debtor for the period beginning January 1, 2007 and ending as of the Petition Date.

3. All Documents and research relating to projections and pro forma data provided to Debtor.

4. Kiddie Academy's entire file pertaining to the Debtor.

5. All correspondence between Kiddie Academy and CIT Small Business Lending Corporation pertaining to the Debtor during the period beginning ___ and ending on the Petition Date.

6. All financial projections prepared by Kiddie Academy in connection with the franchise operated by Debtor.

Z:\DAA Data\Data\CHAP11\Dasoda Corp\Rule 2004 Subpoena - KA - Rider 1 10202

and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, options to purchase, memoranda of agreements, assignments, licenses, orders, invoices, statements, bills, checks, data sheets, data processing cards, photographic negatives, phone records, tape recordings, cassettes, wire recording, transcripts or recording, catalogues, brochures, computer printouts, diskettes, videotapes, all other printed or written matter of any kind, and all other date compilations from which information can be obtained and translated if necessary, and any other writings, regardless of the manner on which produced, whether handwritten, typed, printed or produced by any other process, including records of any telephone conversations or recordings, by electronic equipment, and any and all other writings or papers of any kind, including drafts, copies of reproductions of any of the foregoing, and information stored in computers or other data storage or processing equipment in the possession, custody or control of any of deponents, agents, officers, employees, representatives or attorneys.

B.  "Debtor" shall refer to Dasoda Corp., the debtor in the within chapter 11 proceeding.

C.  "Kiddie Academy" shall refer to Kiddie Academy Child Care Learning Centers.

D.  "Petition Date" shall mean September 24, 2010, the date in which the Debtor filed its voluntary chapter 11 petition.

4. If the Deponent withholds any document from production under claim of privilege, set forth with respect to each document the following:

(a). the author or originator;

(b). each addressee or recipient of the documents or any copy thereof;

(c). the date which the document bears, or if it bears no date, the date on which it was made;

(d). the title or subject matter of the document and a general description of its contents;

(e). the nature of the document (e.g., memorandum, telegram, chart, etc.); and

(f) the basis for the claim or privilege.

5. This request for production of documents is continuing. Any document obtained or located subsequent to this production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

## DEFINITIONS

A. "Document" shall be used in its broadest sense and shall include any writing or record of any type or description (whether handwritten, typed, printed or otherwise made), including, but not limited to, the original and non-identical copy, regardless of origin or location, of any correspondence, records, reports, price lists, quotations, tables, charts, analyses, graphs, schedules, memoranda, notes, diaries, studies, directives, letter, telegrams, e-mail, teletypes, messages (including, but not limited to, reports of telephone conversations and conferences), books, bulletins, blueprints, drawings, tracings, photographs, notebooks, logs, financial statements, books of account, vouchers, deposit slips, ledgers, invoices, filed, periodicals, magazines, newspaper clippings, booklets, circulars, instructions, minutes, other communications (including, but not limited to, inter-

## RIDER TO SUBPOENA

**DASODA CORP.**
**CHAPTER 11**
**CASE No. 10-39528-NLW**

### INSTRUCTIONS

1.     The Deponent shall designate which documents are being produced in response to each of the paragraphs contained in the request for production of documents.

2.     Each and every request for a document or documents shall be deemed to call for the production of the original document or documents, to the extent that they are in or subject to, directly or indirectly, the control of the Debtor or any of its employees or agents. In addition, each request should be considered as including all copies and to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft or from each other (e.g. by reason of handwritten notes or comments having been added to one copy of a document, but not in the original or other copies thereto.).

3.     For each and every document herein requested which was formerly in the Deponent's possession, custody or control and has been lost, transferred or destroyed, the Deponent shall submit a written statement which;

      (a).     describes in detail the nature of the document;

      (b).     identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

      (c).     specifies the date on which the document was prepared or transmitted; and

      (d)     specifies, if possible, the date on which the document was lost, transferred or destroyed, and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing the destruction, and if lost, the circumstances surrounding such loss.

Form 254 – Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| **SERVED** | | | |

SERVED ON (PRINT NAME)

| | | MANNER OF SERVICE |
|---|---|---|

SERVED BY (PRINT NAME)

| | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

P.O. Box 1309, 222 Ridgedale Ave., Morristown, NJ 07962-1309
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016.
Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.
(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Exhibit J

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | | |
|---|---|---|
| Mark C. Meade | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 11-900-DMC-JAD |
| Kiddie Academy Domestic | ) | |
| Franchise,(KADF),Michael Miller,Susan Wise,Endres | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Produce the documents contained in the attached Schedule of Documents

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: 5 Heritage RD., Florham Park, NJ 07932 | Date and Time: |
|---|---|
| | 04/15/2010 12:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 3/21/11         **WILLIAM T. WALSH**

        _CLERK OF COURT_

        _____            OR        _____
        _Signature of Clerk or Deputy Clerk_                        _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_  Mark C. Meade
_____ , who issues or requests this subpoena, are:
Mark C. Meade PRO SE, mmeade4666@aol.com, Tel# 732-598-0092

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 11-900-DMC-JAD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Kiddie Academy Domestic Franchise, Michael Miller, et.al
was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

Mark C. Meade v. KADF, et. al. Case # 11-900-DMC-JAD, US District Court for the District of New Jersey.

1. Kiddie Academy's entire file pertaining to the plaintiff, Lauren A. Meade, and DASODA CORP. (Plaintiff's Business Entity)

2. All Documents and internal and external emails relating to the "site selection", design features, and construction of the 21 S. Hope Chapel Road location.

3. All Documents and internal and external emails relating to the realtor listing agreements signed between KADF and realtors pertaining to the "site selection" of the NJ Ocean County locations.

4. All Documents and internal and external emails between KADF, it's officers and staff, and CIT SMALL BUSINESS LENDING and it's Senior Loan Officers, and Mark Moreno of CIT SMALL BUSNESS LENDING, from the inception of the loan process.

5. All Documents and internal and external emails showing corporate ownership of the plaintiff's business entity, DASODA CORP.

6. All Documents and internal and external emails pertaining to plaintiff's loan credit worthiness and the loan credit worthiness of any and all guarantors related to the business entity, DASODA CORP.

7. All Documents and internal and external emails of financial instruments submitted by Plaintiff and any guarantor's used to establish income.

8. KADF Federal SBA Lending Guidelines protocol used in facilitating loans for franchisees, and SBA Office of Attorney General Guidelines for preventing

criminal federal fraud in loan solicitation, that KADF uses to ensure compliance with SBA and federal laws.

9. All Documents and internal and external emails relating to KADF's Bankruptcy Case SEC # 0-27284 filed 1/12/1998, including salary increases and contract extensions granted before the KADF Bankruptcy filing, the disposition and discharge of all debtor obligations by KADF and all persons sharing an interest, or related to any and all KADF principles.

10. All Documents and internal and external emails that indicate fees charged in connection with operating a Kiddie Academy franchise and the date they were enacted.

11. All Documents and internal and external emails between FADF and it's staff and Cardinale and Associates.

12. All personal and business phone records of Gregg Helwig, and emails internal and external between Cardinale and Associates for the period beginning Aug. 1st 2010 and up to the present.

13. All Documents and internal and external emails pertaining to the financial data of the New Jersey franchisee's in the possession of KADF.

14. All Documents internal and external emails pertaining to KADF "preferred vendors" and percentage of profit received by KADF from their association with them, and any and all consideration KADF receives from any vendor used in the formation of the business location and entity.

15. All Documentation and internal and external emails pertaining to corporate visits, evaluation or otherwise of the plaintiffs location, any assistance given by KADF, or it's representatives, duration of visits, dates and times.

16. All financial projections prepared by KADF in connection with the franchise operated by plaintiff.

17. All Documents relating to invoicing by KADF to plaintiff.

18. All Documents and research relating to projections and pro forma data provided to plaintiff.

19. All franchisee offering documents issued by KADF, dated and updated.

20. All advertising information used and current on franchisor website to solicit franchisees.

21. All financial state and federal statement filed by KADF as accords reporting requirements.

22. Listing and contact information of all NJ franchisees'

23. Listing and contact information of all KADF franchise business consultants involved with the plaintiff's location.

24. All Documentation and internal and external communications between plaintiff and management and staff of KADF.

25. All Documentation and internal and external emails or other communications indicating the filing of Cardinale and Associates to operate the location owned outright by the plaintiff.

26. All persons having an interest or ownership interest in KADF including their contact information.

27. All eligible franchise locations available in New Jersey during the start up and operation of the plaintiff's location.

28. All correspondence between plaintiff and KADF during the start up and operation of the plaintiff's location.

29. All Documentation regarding the training curriculum and the administers and instructors of such.

SCHEDULE OF DOCUMENTS TO BE PRODUCED

Mark C. Meade v. KADF et al, US District Court for the District of New Jersey

Case # 11=900=DMC-JAD

30. List of all franchise locations that have closed and or changed ownership, or filed for bankruptcy protection since Jan. 1 2005.

Exhibit

K

FOLD AND REMOVE                                                              FOLD AND REMOVE

**PERSONAL AND CHECK INFORMATION**

MARK MEADE
5 HERITAGE RD.
FLORHAM PARK, NJ 07932

Soc Sec #: XXX-XX-XXXX   Employee ID: 4572
Hire Date: 02/28/11
Status:
Filing Status:
Federal: Single, 3
State: NJ, Single, 3
Dept: 11

Pay Period: 03/02/11 to 03/08/11
Check Date: 03/10/11        Check #: 3187

**NET PAY ALLOCATIONS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| Check Amount | 369.95 | 369.95 |
| **Net Pay** | **369.95** | **369.95** |

**EARNINGS**

| DESCRIPTION | HRS/ UNITS | RATE | CURRENT ($) | YTD HRS/ UNITS | YTD ($) |
|---|---|---|---|---|---|
| REGULAR | | | 210.00 | | 210.00 |
| ADVANCE | | | 210.00 | | 210.00 |
| **HOURS WORKED** | | | | | |
| *ADJ EARNINGS* | | | 420.00 | | 420.00 |
| *GROSS EARNINGS* | | | 420.00 | | 420.00 |

**WITHHOLDINGS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| FEDERAL W/H | 16.75 | 16.75 |
| OASDI | 17.64 | 17.64 |
| MEDICARE | 6.09 | 6.09 |
| STATE W/H NJ | 5.43 | 5.43 |
| STATE SDI NJ | 2.10 | 2.10 |
| STATE SUI NJ | 1.61 | 1.61 |
| NJ EE WORKFORCE DEV | 0.18 | 0.18 |
| NJ EMPLOYEE FLI | 0.25 | 0.25 |
| *TOTAL* | 50.05 | 50.05 |

| NET PAY | CURRENT ($) | YTD ($) |
|---|---|---|
| | 369.95 | 369.95 |

*Payrolls by Paychex, Inc.*
**0402-G269** MULTI CHEVROLET INC ■ 2675 RT 22 WEST ■ UNION, NJ 07083 ■

Exhibit 15

🖐 FOLD AND REMOVE                                                          FOLD AND REMOVE 🖐

**PERSONAL AND CHECK INFORMATION**

MARK MEADE
5 HERITAGE RD.
FLORHAM PARK, NJ 07932

Soc Sec #: XXX-XX-XXXX   **Employee ID:** 4572
**Hire Date:** 02/28/11
**Status:**
**Filing Status:**
Federal: Single, 3
State: NJ, Single, 3
**Dept:** 11

**Pay Period:** 03/09/11 to 03/15/11
**Check Date:** 03/17/11      **Check #:** 3282

**NET PAY ALLOCATIONS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| Check Amount | 166.22 | 536.17 |
| **Net Pay** | **166.22** | **536.17** |

**EARNINGS**

| DESCRIPTION | HRS/ UNITS | RATE | CURRENT ($) | YTD HRS/ UNITS | YTD ($) |
|---|---|---|---|---|---|
| REGULAR | | | 90.00 | | |
| ADVANCE | | | 90.00 | | 300.00 |
| | | | | | 300.00 |
| **HOURS WORKED** | | | | | |
| **ADJ EARNINGS** | | | 180.00 | | |
| **GROSS EARNINGS** | | | 180.00 | | 600.00 |
| | | | | | 600.00 |

**WITHHOLDINGS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| FEDERAL W/H | | |
| OASDI | 7.56 | 16.75 |
| MEDICARE | 2.61 | 25.20 |
| STATE W/H NJ | 1.83 | 8.70 |
| STATE SDI NJ | 0.90 | 7.26 |
| STATE SUI NJ | 0.69 | 3.00 |
| NJ EE WORKFORCE DEV | 0.08 | 2.30 |
| NJ EMPLOYEE FLI | 0.11 | 0.26 |
| | | 0.36 |
| **TOTAL** | 13.78 | 63.83 |

| **NET PAY** | CURRENT ($) | YTD ($) |
|---|---|---|
| | 166.22 | 536.17 |

*Payrolls by Paychex, Inc.*
**0402-G269** MULTI CHEVROLET INC ■ 2675 RT 22 WEST ■ UNION, NJ 07083 ■