NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK C. MEADE, | : | |
| Plaintiff, | : | Hon. Dennis M. Cavanaugh |
| v. | : | **OPINION** |
| | : | Civil Action No. 11-cv-900 (DMC)(JAD) |
| KIDDIE ACADEMY DOMESTIC FRANCHISING, et. al., | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Defendants Kiddie Academy Domestic Franchising, LLC ("Kiddie Academy"), Michael Miller, Susan Wise and Bill Endres (collectively, "Defendants") to Dismiss the Complaint (ECF No. 5). Pursuant to Rule 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' Motion is granted.

**I.    BACKGROUND**

This case involves alleged fraudulent statements and misrepresentations made as part of a franchise agreement. Plaintiff is Mark C. Meade, the President of the Dasoda Corporation ("Dasoda"), representing himself in this action. Defendant Kiddie Academy is a franchisor of child care learning centers. The individuals named as defendants are employees of Kiddie Academy. Kiddie Academy and Dasoda are parties to a franchise agreement dated November 15, 2006 (the "Franchise Agreement").

Plaintiff filed his Complaint on February 16, 2011, in which he alleges that Defendants: (1) made false and misleading statements or omissions that Plaintiff relied on to enter into the franchise agreement; (2) made false and misleading statements in the preparation of an SBA business loan; (3) failed to provide services promised by the franchise; (4) misrepresented that Plaintiff would earn substantial income; and (5) caused Plaintiff to enter into agreements with equipment and service providers that were harmful to Plaintiff. (ECF No. 1). The Complaint contains no other information beyond these statements and a brief statement of jurisdiction. At no point does the Complaint reference any of the Defendants by name or title, nor does the Complaint mention Dasoda or Plaintiff's position with Dasoda. On March 18, 2011, Defendants filed a Motion to Dismiss and a Brief in support of that Motion. (ECF No. 5, 6). On April 7, 2011, Plaintiff filed his response. (ECF No. 9).

## II.     STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp., 550 U.S. at 555.

**III.     DISCUSSION**

The Complaint is deficient for a number of reasons. Even granting Plaintiff substantial leeway for his Pro Se status, the Complaint will be dismissed.

First, Plaintiff has failed to satisfy the pleading requirements of Federal Rule of Procedure 8(1)(2), as discussed in Bell Atl. Corp. and Iqbal. Plaintiff has provided no factual basis in the single page of his Complaint to state a plausible cause of action against Defendants. This Court must only assume well pleaded factual allegations of a complaint to be true, and may disregard any legal conclusions in the complaint. When the legal conclusions of the Complaint before this Court are disregarded, nothing of substance remains that could raise the possibility of a right to relief above a speculative level. Simply put, Plaintiff has stated no factual grounds that would entitle him to the relief sought.

Second, Plaintiff does not have standing to bring this lawsuit. It is well recognized that absent a direct individual injury, a corporate shareholder or officer lacks standing to sue for an injury to the corporation. Cent. Jersey Freightliner, Inc. v. Freightliner Corp., 987 F.Supp. 289, 301 (D.N.J. 1997) (citing Jones v. Niagara Frontier Transp. Auth., 836 F.2d 731, 736 (2d Cir.1987). Further, the president and principal shareholder of a corporation cannot claim damages to the corporation as his own. Borkowski v. Fraternal Order of Police, Philadelphia Lodge No. 5, 155 F.R.D. 105, 113 (E.D.Pa. 1994) (citing Jones, 836 F.2d at 736). The Franchise Agreement at issue is between Dasoda and Kiddie Academy. If any wrongs have occurred in this matter, the right to relief belongs to Dasoda. Plaintiff, therefore, has no basis to bring this suit.

Third, the express provisions of the Franchise Agreement require resolution of Plaintiff's claims by arbitration. Under the Federal Arbitration Act, ("FAA"), 9 U.S.C. §§ 1–16, if a party

brings a claim in federal court that is within the scope of a binding arbitration agreement, another party can move the court to compel arbitration and to stay the proceeding.  9 U.S.C. §§ 3, 4; see also Thompson v. Nienaber, 239 F.Supp.2d 478, 482 (D.N.J. 2002).  If all of the claims involved in the action are arbitrable, a court may dismiss the federal action instead of staying it.  See Smith v. The Equitable, 209 F.3d 268, 272 (3d Cir.2000), abrogated on other grounds by Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 86 (2000).  Paragraph 27.1 of the Franchise Agreement clearly states that all disputes and claims relating to any provision of the Franchise Agreement shall be settled by arbitration in Harford County, Maryland, in accordance with the FAA.  (Ex. A to Decl. of Craig R. Tractenberg; ECF No. 7).  The Court finds that because each claim asserted by Plaintiff is arbitrable, dismissal is warranted.

Finally, pursuant to the express provisions of the Franchise Agreement, this is not the appropriate forum for any claims that Plaintiff may have against Defendants.  Paragraph 26.2 of the Franchise Agreement expressly states that the proper venue for all lawsuits not subject to arbitration is Harford County, Maryland.  (Ex. A to Decl. of Craig R. Tractenberg).  28 U.S.C. § 1406 authorizes this Court to dismiss any case before it in which venue is improperly asserted, or in the interests of justice, to transfer such case to the proper venue.  Given the numerous deficiencies in the Complaint, the interests of justice do not require transfer of this case.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **granted**.

   S/ Dennis M. Cavanaugh
   Dennis M. Cavanaugh, U.S.D.J.

Date:           October  25 , 2011
Orig.:          Clerk
cc:             All Counsel of Record
                Hon. Joseph A. Dickson, U.S.M.J.
                File